**GLANCY PRONGAY & MURRAY LLP**
LIONEL Z. GLANCY (#134180)
ROBERT V. PRONGAY (#270796)
LESLEY F. PORTNOY (#304851)
CHARLES H. LINEHAN (#307439)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com

**HOLZER & HOLZER LLC**
COREY D. HOLZER
1200 Ashwood Parkway, Suite 410
Atlanta, Georgia 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
Email: cholzer@holzerlaw.com

*Counsel for Movant and Proposed Co-Lead Counsel*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br>vs.<br><br>YELP, INC., JEREMY STOPPELMAN and LANNY BAKER,<br><br>Defendants. | Case No. 3:18-cv-00400-EMC<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF JONATHAN DAVIS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. Edward M. Chen<br>DATE: April 26, 2018<br>TIME: 1:30 p.m.<br>CTRM: Courtroom 5 – 17th Floor |

Jonathan Davis ("Davis" or "Movant") submits this memorandum of law in further support of his motion for appointment as lead plaintiff and approval of counsel (Dkt. No. 13);.

## I. PRELIMINARY STATEMENT

On March 19, 2018, Davis submitted his motion for appointment as lead plaintiff and approval of counsel and stated that he had suffered a loss of over $93,006 in his Yelp, Inc. securities investment. Dkt. No. 13. One other similar motion was filed by another putative class member, Gady Davidian, in this action. Dkt. No. 9. Since that time, Mr. Davidian has withdrawn his motion, recognizing Davis' superior financial interest as Lead Plaintiff in the present action. Therefore, Davis' motion is unopposed. Accordingly, Davis' motion for appointment as lead plaintiff and approval of counsel is similarly unopposed. As demonstrated below, Davis should be appointed lead plaintiff and his selection of counsel should be approved.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs this Court to appoint "the most adequate plaintiff" as the lead plaintiff and provides a rebuttable presumption that the "most adequate plaintiff" is the person that ***both*** "has the largest financial interest in the relief sought by the class" ***and*** "otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23" ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The presumption may be rebutted by a showing that the proposed lead plaintiff will not fairly and adequately protect the interests of the class, or that the proposed lead plaintiff is subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, it is clear that Davis has the largest financial interest of any individual movant under both the "last in, first out" ("LIFO") and "retained shares" methods – the two most common methods used by courts in this District for assessing the "largest financial interest".

Since Davis is the individual *bona fide* movant that both possesses the largest individual financial interest in this action and satisfies the requirements of Rule 23, he alone is entitled to the most adequate plaintiff presumption and should be appointed as lead plaintiff. For these reasons and the reasons discussed below, this Court should grant Davis's motion.

## II. ARGUMENT

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii). *See also Cavanaugh*, 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

The presumption may be rebutted "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

To determine which movant has the largest financial interest, courts in this District typically consider a movant's LIFO loss. *See Markette v. XOMA Corp.*, No. 15-cv-03425-HSG, 2016 WL 2902286, at *5 (N.D. Cal. May 13, 2016). Some courts, however, have used the "retained shares" method. *See id.* Davis clearly has the largest financial interest of any individual under either method, as shown by Movants' claimed financial interest under both methods, below:

| Movant | LIFO Loss | Retained Shares |
|---|---|---|
| **Jonathan Davis** | **$93,006** | **15,000** |
| **Gady Davidian** | **$21,616** | **5,600** |

### A. Davis Should Be Appointed Lead Plaintiff And His Selection Of Counsel Should Be Approved

#### 1. Davis Is Entitled To The Most Adequate Plaintiff Presumption And The Presumption Has Not (And Cannot Be) Rebutted

As laid out in Davis's memorandum of law in support of his lead plaintiff motion (Dkt. No. 13), he has complied with all PSLRA requirements to be the presumptive lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). First, Davis filed a timely motion to be appointed lead plaintiff. *See* Dkt. No. 21 (filed February 13, 2018). Second, Davis has the largest individual financial interest in this litigation among all candidates that filed lead plaintiff motions. Third, Davis satisfies the typicality and adequacy requirements of Rule 23. *See* Dkt. No. 21 at 7-8. Accordingly, Davis submits that he is the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

Moreover, no other movant has rebutted (nor can rebut) the presumption that Davis is the most adequate plaintiff. As such, Davis should be appointed lead plaintiff. *Cavanaugh*, 306 F.3d at 732 ("Once [the Court] determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

#### 2. Davis's Selection Of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher v. Guess?, Inc.*, No. 01-cv-00871-LGB-RNB, 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)). Here, Davis has retained and selected Glancy Prongay & Murray LLP and Holzer & Holzer LLC to be co-lead counsel in the event he is appointed lead plaintiff. As reflected by the firms' résumés, filed with Davis's lead plaintiff motion (Dkt. No. 14-4 and 5), the Court may be assured that, by granting Davis's motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Davis's selection of counsel.

## III. CONCLUSION

For the foregoing reasons, Davis respectfully requests that the Court issue an order: (1) appointing Davis as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP and Holzer & Holzer LLC to be co-lead counsel ; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: April 2, 2018

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Robert V. Prongay*
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER LLC**
Corey D. Holzer
1200 Ashwood Parkway, Suite 410
Atlanta, Georgia 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
Email: cholzer@holzerlaw.com

*Counsel for Movant and Proposed Co-Lead Counsel*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On April 2, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 2, 2018, at Los Angeles, California.

*s/ Robert V. Prongay*
Robert V. Prongay

# Mailing Information for a Case 3:18-cv-00400-EMC Azar v. Yelp, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z. Glancy**
  info@glancylaw.com,lglancy@glancylaw.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com

- **Lesley F. Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com,bmurray@glancylaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`