Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Stan Karas (#222402)
Christopher R. Fallon (#235684)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Plaintiffs and the Class*
[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS and ROEI AZAR, on Behalf of All Others Similarly Situated, Plaintiffs, <br><br> v. <br><br> YELP, INC., JEREMY STOPPELMAN, LANNY BAKER, and JED NACHMAN <br><br> Defendants. | Case No. 3:18-cv-00400-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:         September 20, 2018 <br> Time:        1:30 p.m. <br> Courtroom: 5 - 17th Floor <br> Judge:       Hon. Edward M. Chen |

Lead Plaintiff Jonathan Davis and Plaintiff Roei Azar (collectively, "Plaintiffs") and Defendants Yelp Inc. ("Yelp" or the "Company"), Jeremy Stoppelman, Charles "Lanny" Baker, and Joseph "Jed" Nachman ("Individual Defendants") (collectively "Defendants") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges in the Northern District of California dated January 17, 2017 and Civil Local Rule 16-9.

## I. JURISDICTION AND SERVICE

This is a putative securities class action lawsuit alleging violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act"). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, which confers upon the Court original jurisdiction over all civil actions arising under the laws of the United States, as well as Section 27 of the Exchange Act, 15 U.S.C. § 78aa. There are no disputes regarding personal jurisdiction or venue, and Defendants have been served or have waived service. *See* Doc. 21.[1]

## II. STATEMENT OF FACTS

### A. Plaintiffs' Statement

Yelp is a leading online review platform for consumers to share their everyday local business experiences with other consumers by posting reviews, tips, photos and videos, and to engage directly with businesses. The Company earns revenue from its advertising products, transactions and other services. Yelp's advertising revenues were generated through three sales channels, its core local advertisers, national advertisers, and self-serve advertisers. Yelp's core local channel is focused on small and medium sized businesses who are directly engaged by its sales force, who are focused on adding new customers and are compensated by advertising sold in a given period. This segment accounted for approximately 70% of the Company's advertising revenues in 2016.

In 2015, Yelp began to transition from charging advertisers for every 1,000 ad impressions ("CPM") to a cost-per-click ("CPC") basis, allowing the Company to better track the effectiveness of advertising. In early 2016, the Company signed up a record number of customers to year-long

---

[1] All "Doc." notations refer to docket entries on the Court's Electronic Case Filing system.

contracts, which discouraged termination through hefty fees of up to $750.   Retaining customers with expiring contracts was critical to Yelp's bottom line since Yelp only paid its sales force commission to secure new accounts, not to retain accounts whose contract had expired, thereby increasing the Company's margins from 48% in a customer's first year to 95% in its second.  The Company claimed it was able to measure advertiser engagement, which correlated to return on investment ("ROI"), and return on investment had a determinative impact on retention.

Plaintiffs allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business and operational success, telling investors they were "not alarmed in any way" about customer retention levels, when in fact, for at least six weeks before Defendants issued guidance, the Company was experiencing churn higher than its historical and expected range and a recovery team was put into place to curb further losses.  Specifically, Plaintiffs allege that Defendants made false and/or misleading statements and/or failed to disclose that: (1) a cohort of less engaged advertisers who signed up for annual contracts in 1Q'16 as the Company was transitioning from CPM to CPC saw less ROI and were terminating their contracts at higher than anticipated rates. The Company became aware of the extent of this problem in January and February of 2017 and implemented a recovery team to improve engagement and retention amongst this cohort; (2) as a result of the above, the Defendants' statements boasting of Yelp's success were materially false and misleading; and (3) the Company's 2017 financial guidance lacked a reasonable basis and was materially false and misleading.

On May 9, 2017, Yelp announced that the Company had experienced substantial weakness in revenue retention in late 2016 and January 2017.  On this news, shares of Yelp declined 18% on May 10, 2017.   Plaintiffs alleges that as a result of Defendants' wrongful acts and omissions – and the precipitous decline in the market value of the Company's securities – Plaintiffs and other Class members have suffered significant losses and damages.

### B. Defendants' Statement

The amended complaint in this action (Doc. 29), which includes the allegations set forth above, does not state a securities fraud claim because the vast majority of the purportedly false statements are forward-looking statements accompanied by meaningful cautionary language, which are protected by the PSLRA statutory safe harbor, 15 U.S.C. § 78u-5, and because Plaintiffs have failed to otherwise plead falsity, scienter, and loss causation with particularity.

Defendants deny the allegations of the complaint and have filed a motion to dismiss the amended complaint with prejudice, along with an accompanying request for judicial notice, which have been fully briefed (Docs. 31-35, 37-38). The motion to dismiss is scheduled for oral argument on September 20, 2018.

## III. LEGAL ISSUES

The legal issue in dispute is whether Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and whether the Individual Defendants violated Section 20(a) of the Exchange Act, 15 U.S.C. §§ 78t(a).

## IV. MOTIONS

On April 27, 2018, the Court granted the motion for appointment of lead plaintiff and appointed Jonathan Davis as Lead Plaintiff. Doc. 23. The Court also appointed as co-Lead Counsel the law firms of Glancy Prongay & Murray LLP and Holzer & Holzer LLC. *Id.*

## V. AMENDMENT OF PLEADINGS

The initial complaint in this action was filed on January 18, 2018, by a party other than the current Lead Plaintiff. Doc. 1. Plaintiffs filed an Amended Class Action Complaint on June 25, 2018. Doc. 29. The Parties reserve their rights to amend the pleadings and join additional parties in accordance with the Federal Rules of Civil Procedure and the Rules of this Court. In the event that Defendants' motion to dismiss is granted in whole or in part, Plaintiffs request the opportunity to file a second amended complaint.

## VI. EVIDENCE PRESERVATION

Each of the Parties represents that it has complied, and will continue to comply, with the PSLRA provision related to evidence preservation. 15 U.S.C. § 78u-4(b)(3)(C)(i).

## VII. DISCLOSURES

Because this is a putative class action brought under Section 10(b) of the Securities Exchange Act of 1934, all "discovery and other proceedings" are automatically stayed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and therefore no initial disclosures have taken place in the action. 15 U.S.C. § 78u–4(b)(3)(B) (providing for an automatic stay of "all discovery and other proceedings . . . during the pendency of any motion to dismiss"). As the Ninth Circuit has held, the PSLRA's automatic stay provision encompasses any "litigation activity relating to discovery," including, for example, initial disclosures under Federal Rule of Civil Procedure 26(a). *Medhekar v. U.S. Dist. Ct. for N. Dist. of Cal*, 99 F.3d 325, 328 (9th Cir. 1996).

Defendants have moved to dismiss the amended complaint with prejudice. "The Ninth Circuit has interpreted the automatic stay on all discovery under the PSLRA as applying not only when a motion to dismiss is pending, but from the filing of the action until 'the court has sustained the legal sufficiency of the complaint.'" *Brown v. Ambow Educ. Holding Ltd., 2014 WL 12487666*, at *1 (C.D. Cal. Feb. 6, 2014) (quoting *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 913 (9th Cir. 1999)); *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1105 (C.D. Cal. 2007) (same). Because the Court has not sustained the legal sufficiency of the amended complaint in this matter, the stay is in effect.

## VIII. DISCOVERY

This action is a federal securities class action governed by the provisions of the PSLRA, and as such is subject to a mandatory stay of discovery pending determination of the motion to dismiss. Accordingly, no discovery has taken place in this action. The parties respectfully submit that it would be premature to discuss the anticipated scope of discovery or to submit a detailed discovery plan at this stage.

## IX. CLASS ACTIONS

If Plaintiffs' allegations survive a motion to dismiss, the parties will hold their Rule 26(f) conference and propose a case management schedule, including a deadline for the filing of a motion for class certification. Plaintiffs anticipate they will seek class certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all those who purchased or otherwise acquired Yelp securities on the open market between February 10, 2017 and May 9, 2017, inclusive, and were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Defendants will assess class certification if and when Plaintiffs move.

## X. RELATED CASES

There are no other cases related to this matter.

## XI. RELIEF

### (a) Plaintiffs' Position

Plaintiffs seek compensatory damages for themselves and the other Class members against Defendants, jointly and severally, in an amount to be proven at trial. Plaintiffs also seek an award of costs and expenses incurred in this action, including attorneys' fees and expert fees.

### (b) Defendants' Position

Defendants deny that Plaintiffs and other putative Class members were damaged or are entitled to any relief.

## XII. SETTLEMENT AND ADR

No settlement discussions have occurred, nor have the parties made any ADR efforts to date. This action is not a case assigned to the ADR Multi-Option Program. The parties anticipate they will explore the applicability of ADR, including, but not limited to, private mediation, if and when appropriate. The parties respectfully submit that a settlement conference is premature prior to resolution of Defendants' motion to dismiss.

**XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent at this time to having a magistrate judge conduct all further proceedings including trial and entry of a judgment.

**XIV. OTHER REFERENCES**

The parties do not believe the case is suitable for reference to binding arbitration or a special master. The parties agree that there is no need to refer the case to the Judicial Panel on Multidistrict Litigation.

**XV. NARROWING OF ISSUES**

The parties agree that it is premature to offer suggestions to expedite the presentation of evidence at trial. No party has requested bifurcation of issues, claims, or defenses. The parties are not presently aware of issues that can be narrowed by agreement or by motion, except for the motions set forth above, but they will raise any such issues as the litigation progresses.

**XVI. EXPEDITED SCHEDULE**

The parties agree that this is not the type of case that can be handled on an expedited basis.

**XVII. SCHEDULING**

The parties agree that it would be premature to set a schedule at this time beyond the pleading stage due to the mandatory stay of discovery pending the determination of the motion to dismiss under the PSLRA.

**XVIII. TRIAL**

The parties agree that it is premature at this point for the parties to estimate the length of the trial or set a trial schedule.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-15, the undersigned certify that as of this date, other than the named parties, there is no such interest to report.

Defendants filed the certification of interested entities or persons on August 2, 2018 (Doc. 33).

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: September 13, 2018                    **GLANCY PRONGAY & MURRAY LLP**

By: *s/ Robert V. Prongay*
Lionel Z. Glancy
Robert V. Prongay
Stan Karas
Christopher R. Fallon
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

*Lead Counsel for Lead Plaintiffs and the Class*

Dated: September 13, 2018                    **ARNOLD & PORTER KAYE SCHOLER LLP**

By: *s/ Gilbert R. Serota*
Gilbert R. Serota
Zheng (Jane) He
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: Gilbert.Serota@arnoldporter.com
            Jane.He@arnoldporter.com

*Attorneys for Defendants Yelp Inc., Jeremy Stoppelman, Lanny Baker and Jed Nachman*

## ATTESTATION

I, Robert V. Prongay, am the ECF User whose identification and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT**.  In compliance with Civil L.R. 5-1, I hereby attest that Gilbert R. Serota has concurred in this filing.

Dated:  September 13, 2018				GLANCY PRONGAY & MURRAY LLP


						By:	*s/ Robert V. Prongay*
							Robert V. Prongay

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On September 13, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 13, 2018, at Los Angeles, California.

*s/ Robert V. Prongay*
Robert V. Prongay

# Mailing Information for a Case 3:18-cv-00400-EMC Azar v. Yelp, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z. Glancy**
  info@glancylaw.com,lglancy@glancylaw.com

- **Zheng He**
  jane.he@arnoldporter.com,maondca@arnoldporter.com,Gail.Boneberg@arnoldporter.com

- **Corey Daniel Holzer**
  cholzer@holzerlaw.com

- **Stan Karas**
  SKaras@glancylaw.com,stan-karas-1195@ecf.pacerpro.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Lesley F. Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com,lesley-portnoy-3007@ecf.pacerpro.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Kevin Francis Ruf**
  info@glancylaw.com,kevin-ruf-7394@ecf.pacerpro.com,kevinruf@gmail.com

- **Gilbert Ross Serota**
  gilbert.serota@arnoldporter.com,marie.zambrano@arnoldporter.com,SFCalendar@arnoldporter.com,jeeyoung.you@arnoldporter.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)