1  ARNOLD & PORTER KAYE SCHOLER LLP
   GILBERT R. SEROTA (SBN 75305)
2  BENJAMIN HALBIG (SBN 321523)
   ZHENG (JANE) HE (*admitted pro hac vice*)
3  Three Embarcadero Center, 10th Floor
   San Francisco, CA 94111
4  Telephone:  (415) 471-3100
   Facsimile:   (415) 471-3400
5  Email: Gilbert.Serota@arnoldporter.com
   Email: Benjamin.Halbig@arnoldporter.com
6  Email: Jane.He@arnoldporter.com

7  Attorneys for Defendants
   YELP INC., JEREMY STOPPELMAN,
8  LANNY BAKER, and JED NACHMAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS and ROEI AZAR, on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>YELP, INC., JEREMY STOPPELMAN, LANNY BAKER, and JED NACHMAN<br><br>Defendants. | Case No. 3:18-cv-00400-EMC<br><br>CLASS ACTION<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS YELP, STOPPELMAN, BAKER AND NACHMAN TO AMENDED COMPLAINT** |

By and for their Answer to the Amended Class Action Complaint ("Complaint"), Defendants Yelp, Jeremy Stoppelman, Charles "Lanny" Baker, and Joseph "Jed" Nachman (jointly referred to herein as "Yelp") allege as follows:

**PREFATORY STATEMENT**

Pursuant to the Stipulation Preserving Defendants' Rights With Respect to the Pending Motion for Leave to File a Motion for Reconsideration filed by the parties on January 18, 2019, the parties have agreed that this Answer in no way waives, moots, or otherwise prejudices Yelp's rights with respect to the relief sought in its motion for leave to file a motion for reconsideration of this Court's Order of November 27, 2018 granting in part and denying in part Yelp's motion to dismiss. Consistent with the Stipulation, Yelp reserves the right to amend, modify, and/or withdraw this Answer as appropriate should the Court grant Yelp's motion for reconsideration.

**I.    NATURE OF THE ACTION**

1.    Answering paragraph 1, Yelp admits only that Plaintiffs purport to bring a class action securities case. Except as so admitted, Yelp denies the allegations.

2.    Answering paragraph 2, Yelp admits that it operates an online platform and receives advertising revenue. Except as so admitted, Yelp denies the allegations.

3.    Answering paragraph 3, Yelp admits that it sought to obtain advertising revenue from local businesses in 2016 and 2017, and engaged in certain promotional activities in 2016. Except as so admitted, Yelp denies the allegations.

4.    Answering paragraph 4, Yelp admits that it made various statements in its February 2017 forward looking guidance and in analyst conference calls, which are quoted out of context in the Complaint and speak for themselves. Except as so admitted, Yelp denies the allegations.

5.    Answering paragraph 5, Yelp denies the allegations.

6.    Answering paragraph 6, Yelp admits that, on May 9, 2017, it issued a press release announcing Q1 2017 financial results and updating its full-year 2017 forward looking guidance, which speaks for itself. Except as so admitted, Yelp denies the allegations.

7.    Answering paragraph 7, Yelp admits that its stock price fell on May 9, 2017 and May 10, 2017. Except as so admitted, Yelp denies the allegations.

## II. JURISDICTION AND VENUE

8. Answering paragraph 8, Yelp admits only that the complaint seeks to allege securities law claims.

9. Answering paragraph 9, Yelp admits that this Court has jurisdiction over the purported claims..

10. Answering paragraph 10, Yelp admits that venue is proper in this district.

11. Answering paragraph 11, Yelp admits that the purported claims in this case involve the use of interstate commerce.

## III. PARTIES

12. Answering paragraph 12, Yelp has insufficient information to admit or deny the allegations.

13. Answering paragraph 13, Yelp has insufficient information to admit or deny the allegations.

14. Answering paragraph 14, Yelp admits only that its headquarters are in San Francisco and that its stock trades on the NYSE, and that 79,602,606 shares of Yelp common stock were issued and outstanding as of February 23, 2017.  Except as so admitted, Yelp denies the allegations.

15. Answering paragraph 15, Yelp admits the allegations.

16. Answering paragraph 16, Yelp admits that Mr. Baker is the Chief Financial Officer of Yelp and served in that capacity during the purported class period.  Except as so admitted, Yelp denies the allegations.

17. Answering paragraph 17, Yelp admits that Mr. Nachman is the Chief Operating Officer of Yelp and served in that capacity during the purported class period.  Yelp also admits that Mr. Nachman served as the Chief Revenue Officer from January 2016 to August 2016.  Except as so admitted, Yelp denies the allegations.

18. Answering paragraph 18, Yelp admits that the individual defendants had various roles in overseeing its operations and public reporting functions, and made various public statements on behalf of Yelp during the purported Class Period, which are quoted out of context in the Complaint and speak for themselves.  Except as so admitted, Yelp denies the allegations.

### IV.   BACKGROUND

19. Answering paragraph 19, Yelp admits the allegations.

20. Answering paragraph 20, Yelp admits that it received advertising revenues generated through various sales channels. Yelp also admits that its sales force is focused on increasing revenue, in part by adding new customers, and that sales representatives are typically compensated, in part, on the basis of advertising sold in a given period. Except as so admitted, Yelp denies the allegations.

21. Answering paragraph 21, Yelp admits that it had over 121 million cumulative reviews by the end of 2016, and that its review content helps drive traffic to the platform, which in turn affects Yelp's ability to deliver ads. Yelp admits that the alleged statements made during the November 9, 2016 RBC Technology Internet Media and Telecommunications Conference are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the allegations.

22. Answering paragraph 22, Yelp denies that, as of December 31, 2016, it recognized approximately 90% of its revenue from approximately 135,000 paying advertising accounts, and admits the remaining allegations.

23. Answering paragraph 23, Yelp denies the allegations.

24. Answering paragraph 24, Yelp denies the allegations.

25. Answering paragraph 25, Yelp admits that CPC advertisers pay for clicks on their ads. Except as so admitted, Yelp denies the allegations.

26. Answering paragraph 26, Yelp denies the allegations.

27. Answering paragraph 27, Yelp admits that advertising contracts were typically multi-month or annual contracts, which automatically renewed on a month-to-month basis unless the customer provided thirty-day written notice, and that advertisers who wished to cancel their contracts early were assessed termination fees. Except as so admitted, Yelp denies the allegations.

28. Answering paragraph 28, Yelp denies the allegations.

29. Answering paragraph 29, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the

allegations.

30. Answering paragraph 30, Yelp admits that recurring revenue was important to its business. Yelp admits that the alleged statements made during Yelp's Q1 2016 earnings call are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the allegations.

31. Answering paragraph 31, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the allegations.

32. Answering paragraph 32, Yelp admits that it reviews various performance metrics to evaluate its business, measure performance, identify trends, prepare financial projections, and make strategic decisions. Except as so admitted, Yelp denies the allegations.

33. Answering paragraph 33, Yelp admits that during the purported class period, it measured "desktop unique visitors," "mobile website unique visitors," and "app unique devices," which are discussed out of context in the Complaint, instead of in the context of the "Key Metrics" - "Traffic" section of its "Management's Discussion and Analysis of Financial Condition and Results of Operations," as well as the "Note Regarding Metrics" section of the quarterly and annual filings that are relevant to the allegations in the Complaint, which speak for themselves. Except as so admitted, Yelp denies the allegations.

34. Answering paragraph 34, Yelp admits that during the purported class period, it measured cumulative reviews, percentage of searches on mobile, and percentage of ad clicks on mobile. Except as so admitted, Yelp denies the allegations.

35. Answering paragraph 35, Yelp admits that it measured Claimed Business Locations, Local Advertising Accounts, Paying Advertising Accounts, and Repeat Rate at various points during the relevant period. Except as so admitted, Yelp denies the allegations.

36. Answering paragraph 36, Yelp admits that the terms "Paying Advertising Accounts," "Local Advertising Accounts," and "Repeat Rate" were defined in data sheets it provided to investors and refers to those data sheets for their respective definitions, which are taken out of context in the Complaint and speak for themselves.

1  37.  Answering paragraph 37, Yelp admits it calculated the aforementioned metrics at various points during the relevant period.  Except as so admitted, Yelp denies the allegations.

38.  Answering paragraph 38, Yelp admits that it made certain changes to its sales commission plan during 2015.  Yelp admits that the alleged statements made during the December 3, 2015 Credit Suisse Tech, Media, and Telecom Conference are quoted out of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the allegations.

39.  Answering paragraph 39, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the allegations.

40.  Answering paragraph 40, Yelp denies the allegations.

41.  Answering paragraph 41, Yelp admits that its promotional offers contributed to revenue growth.  Except as so admitted, Yelp denies the allegations.

42.  Answering paragraph 42, Yelp denies the allegations.

43.  Answering paragraph 43, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the allegations.

44.  Answering paragraph 44, Yelp has insufficient information to admit or deny the allegations.

45.  Answering paragraph 45, Yelp has insufficient information to admit or deny the allegations.

46.  Answering paragraph 46, Yelp admits that recurring revenue was important to its business and that return on investment ("ROI") was important to its customers.  Except as so admitted, Yelp denies the allegations.

47.  Answering paragraph 47, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the allegations.

48.  Answering paragraph 48, Yelp denies the allegations.

49.  Answering paragraph 49, Yelp denies the allegations.

50. Answering paragraph 50, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the allegations.

51. Answering paragraph 51, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the allegations.

52. Answering paragraph 52, Yelp denies the allegations.

53. Answering paragraph 53, Yelp denies the allegations.

54. Answering paragraph 54, Yelp denies the allegations.

55. Answering paragraph 55, Yelp admits that it issued a press release announcing its Q4 2016 and full-year 2016 financial results, as well as forward looking guidance for Q1 2017 and full-year 2017, which is quoted out of context in the Complaint and speaks for itself.

56. Answering paragraph 56, Yelp admits that it held an earnings call on February 9, 2017.

57. Answering paragraph 57, Yelp denies the allegations.

58. Answering paragraph 58, Yelp denies the allegations.

59. Answering paragraph 59, Yelp denies the allegations.

60. Answering paragraph 60, Yelp admits only that it issued a press release on May 9, 2017, which contained actual results for Q1 2017 and forward looking guidance for Q2 2017 and full-year 2017, and which is taken out of context in the Complaint and speaks for itself.

61. Answering paragraph 61, Yelp admits only that its stock price declined on May 9 and 10, 2017. Except as so admitted, Yelp denies the allegations.

62. Answering paragraph 62, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the allegations.

63. Answering paragraph 63, Yelp denies the allegations.

64. Answering paragraph 64, Yelp denies the allegations.

65. Answering paragraph 65, Yelp denies the allegations.

| | |
|---|---|
| 1 | 66. Answering paragraph 66, Yelp denies the allegations. |
| 2 | 67. Answering paragraph 67, Yelp denies the allegations. |
| 3 | 68. Answering paragraph 68, Yelp denies the allegations. |
| 4 | 69. Answering paragraph 69, Yelp denies the allegations. |

70. Answering paragraph 70, Yelp has insufficient information to admit or deny the allegations.

71. Answering paragraph 71, Yelp has insufficient information to admit or deny the allegations.

72. Answering paragraph 72, Yelp denies the allegations.

73. No response is required as the allegations made in this paragraph have been dismissed pursuant to Order dated November 27, 2018.

74. No response is required as the allegations made in this paragraph have been dismissed pursuant to Order dated November 27, 2018.

75. No response is required as the allegations made in this paragraph have been dismissed pursuant to Order dated November 27, 2018.

76. No response is required as the allegations made in this paragraphs have been dismissed pursuant to Order dated November 27, 2018.

77. No response is required as the allegations made in this paragraph have been dismissed pursuant to Order dated November 27, 2018.

78. No response is required as the allegations made in this paragraph have been dismissed pursuant to Order dated November 27, 2018.

79. No response is required as the allegations made in this paragraph have been dismissed pursuant to Order dated November 27, 2018.

80. No response is required as the allegations made in this paragraph have been dismissed pursuant to Order dated November 27, 2018.

81. Answering paragraph 81, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the allegations.

1   82.   Answering paragraph 82, Yelp denies the allegations.

2   83.   Answering paragraph 83, Yelp admits only that the alleged statements are quoted out
3   of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the
4   allegations.

5   84.   Answering paragraph 84, Yelp denies the allegations.

6   85.   No response is required as the allegations made in this paragraph have been
7   dismissed pursuant to Order dated November 27, 2018.

8   86.   No response is required as the allegations made in this paragraph have been
9   dismissed pursuant to Order dated November 27, 2018.

10   87.   Answering paragraph 87, Yelp admits only that the alleged statements are quoted out
11   of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the
12   allegations.

13   88.   Answering paragraph 88, Yelp denies the allegations.

14   89.   No response is required as the allegations made in this paragraph have been
15   dismissed pursuant to Order dated November 27, 2018.

16   90.   No response is required as the allegations in this paragraph have been dismissed
17   pursuant to Order dated November 27, 2018.

18   91.   Answering paragraph 91, Yelp admits only that the statements alleged, which were
19   made by Mr. Baker not Mr. Stoppelman, are quoted out of context in the Complaint, and speak for
20   themselves.  Except as so admitted, Yelp denies the allegations.

21   92.   Answering paragraph 92, Yelp denies the allegations.

22   93.   No response is required as the allegations made in this paragraph have been
23   dismissed pursuant to Order dated November 27, 2018.

24   94.   No response is required as the allegations made in this paragraph have been
25   dismissed pursuant to Order dated November 27, 2018.

26   95.   No response is required as the allegations made in this paragraph have been
27   dismissed pursuant to Order dated November 27, 2018.

28   96.   No response is required as the allegations made in this paragraph have been

1   dismissed pursuant to Order dated November 27, 2018.

2      97. No response is required as the allegations made in this paragraph have been

3   dismissed pursuant to Order dated November 27, 2018

4      98. No response is required as the allegations made in this paragraph have been

5   dismissed pursuant to Order dated November 27, 2018.

6      99. Answering paragraph 99, Yelp admits only that the alleged statements are quoted out

7   of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the

8   allegations.

9      100. Answering paragraph 100, Yelp denies the allegations.

10     101. No response is required as the allegations made in this paragraph have been

11  dismissed pursuant to Order dated November 27, 2018.

12     102. No response is required as the allegations made in this paragraph have been

13  dismissed pursuant to Order dated November 27, 2018.

14     103. Answering paragraph 103, Yelp denies the allegations.

15     104. Answering paragraph 104, Yelp denies the allegations.

16     105. Answering paragraph 105, Yelp admits only that its stock price declined on May 10,

17  2017.  Except as so admitted, Yelp denies the allegations.

18     106. Answering paragraph 106, Yelp has insufficient information to admit or deny the

19  allegations.

20     107. Answering paragraph 107, Yelp denies the allegations.

21     108. Answering paragraph 108, Yelp has insufficient information to admit or deny the

22  allegations.

23     109. Answering paragraph 109, Yelp denies the allegations.

24     110. Answering paragraph 110, Yelp denies the allegations.

25     111. Answering paragraph 111, Yelp denies the allegations.

26     112. Answering paragraph 112, Yelp denies the allegations.

27     113. Answering paragraph 113, Yelp denies the allegations.

28     114. Answering paragraph 114, Yelp denies the allegations.

1  115.  Answering paragraph 115, Yelp admits that Mr. Stoppelman beneficially owned
2  shares of Yelp common stock in the Jeremy Stoppelman Revocable Trust, and that Mr. Stoppelman
3  held voting and dispositive power over the shares.  Except as so admitted, Yelp denies the
4  allegations.

5  116.  Answering paragraph 116, Yelp admits only that the alleged stock sales are taken out
6  of context in the Complaint and refers to Mr. Stoppelman's Form 4 statements filed on September
7  23, 2016 and July 17, 2015 for information relating to the alleged stock sales, which speak for
8  themselves.  Except as so admitted, Yelp denies the allegations.

9  117.  Answering paragraph 117, Yelp admits only that the alleged stock sales are taken out
10 of context in the Complaint and refers to Mr. Stoppelman's Form 4 statements filed between
11 October 3, 2016 and February 9, 2017 for information relating to the alleged stock sales, which
12 speak for themselves.  Except as so admitted, Yelp denies the allegations.

13 118.  Answering paragraph 118, Yelp denies the allegations.

14 119.  Answering paragraph 119, Yelp admits only that its stock price fell following the
15 announcement of its Q1 2017 financial results, and remained below $40.00 per share until August 4,
16 2017, and that Mr. Stoppelman did not sell any stock between March 16, 2017 and August 4, 2017.
17 Except as so admitted, Yelp denies the allegations.

18 120.  Answering paragraph 120, Yelp admits only that the alleged stock sales are taken out
19 of context in the Complaint and refers to Mr. Stoppelman's Form 4 statements filed between August
20 8, 2017 and February 22, 2018 for information relating to the alleged stock sales, which speak for
21 themselves.  Except as so admitted, Yelp denies the allegations.

22 121.  Answering paragraph 121, Yelp admits only that the alleged stock sales are taken out
23 of context in the Complaint and refers to Mr. Stoppelman's Form 4 statements filed between August
24 8, 2017 and February 22, 2018 for information relating to the alleged stock sales, which speak for
25 themselves.  Except as so admitted, Yelp denies the allegations.

26 122.  Answering paragraph 122, Yelp denies the allegations.

27 123.  Answering paragraph 123, Yelp admits only that the alleged stock sales are taken out
28 of context in the Complaint and refers to Mr. Stoppelman's Form 4 statements filed between

1  October 3, 2016 and February 9, 2017 for information relating to the alleged stock sales, which
2  speak for themselves.  Except as so admitted, Yelp denies the allegations.

3  124.  Answering paragraph 124, Yelp denies the allegations.

4  125.  Answering paragraph 125, Yelp denies the allegations.

5  126.  Answering paragraph 126, Yelp denies the allegations.

6  127.  Answering paragraph 127, Yelp admits only that the alleged statement is quoted out
7  of context in the Complaint, and speaks for itself.  Except as so admitted, Yelp denies the
8  allegations.

9  128.  Answering paragraph 128, Yelp admits only that its "Cumulative Reviews" metric
10 was reported in SEC filings signed by Messrs. Stoppelman and Baker, and that Defendants made
11 statements regarding reviews during earnings calls, which speak for themselves.  Except as so
12 admitted, Yelp denies the allegations.

13 129.  Answering paragraph 129, Yelp admits only that the alleged statement is quoted out
14 of context in the Complaint, and speaks for itself.  Except as so admitted, Yelp denies the
15 allegations.

16 130.  Answering paragraph 130, Yelp admits only that it tracked the number of clicks it
17 delivered to advertisers under the CPC model.  Except as so admitted, Yelp denies the allegations.

18 131.  Answering paragraph 131, Yelp admits only that it made statements regarding ROI,
19 advertiser retention, and Repeat Rate during the purported Class Period, which are taken out of
20 context in the Complaint and speak for themselves.  Except as so admitted, Yelp denies the
21 allegations.

22 132.  Answering paragraph 132, Yelp admits only that the alleged statements are quoted
23 out of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the
24 allegations.

25 133.  Answering paragraph 133, Yelp denies the allegations.

26 134.  Answering paragraph 134, Yelp admits only that the alleged statements are quoted
27 out of context in the Complaint, and speak for themselves.  Except as so admitted, Yelp denies the
28 allegations.

135. Answering paragraph 135, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the allegations.

136. Answering paragraph 136, Yelp denies the allegations.

137. Answering paragraph 137, Yelp admits only that it had multi-month and annual contracts with advertisers that required advertisers to provide written notice of termination and included early termination fees. Except as so admitted, Yelp denies the allegations.

138. Answering paragraph 138, denies the allegations.

139. Answering paragraph 139, Yelp admits only that the alleged statements are taken out of context in the Complaint and speak for themselves. Except as so admitted, Yelp denies the allegations.

140. Answering paragraph 140, Yelp denies the allegations.

141. Answering paragraph 141, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the allegations.

142. Answering paragraph 142, Yelp admits only that the alleged statements are quoted out of context in the Complaint, and speak for themselves. Except as so admitted, Yelp denies the allegations.

143. Answering paragraph 143, Yelp admits only that it regularly reported its Sales Headcount, and that Sales Headcount was occasionally discussed during earnings calls. Except as so admitted, Yelp denies the allegations.

144. Answering paragraph 144, Yelp denies the allegations.

145. Answering paragraph 145, Yelp admits only that Plaintiffs purport to bring a class action. Except as so admitted, Yelp denies the allegations.

146. Answering paragraph 146, Yelp denies the allegations.

147. Answering paragraph 147, Yelp denies the allegations.

148. Answering paragraph 148, Yelp denies the allegations.

149. Answering paragraph 149, Yelp denies the allegations.

1     150. Answering paragraph 150, Yelp denies the allegations.

2     151. Answering paragraph 151, Yelp denies the allegations.

3     152. Answering paragraph 152, Yelp denies the allegations.

4     153. Answering paragraph 153, Yelp denies the allegations.

5     154. Answering paragraph 154, Yelp denies the allegations.

6     155. Answering paragraph 155, Yelp denies the allegations.

7     156. Answering paragraph 156, Yelp denies the allegations.

8     157. Answering paragraph 157, Yelp denies the allegations.

## COUNT I

**For Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Against All Defendants**

158. Answering paragraph 158, Yelp incorporates its responses to the above paragraphs as if fully set forth herein.

159. Answering paragraph 159, Yelp denies the allegations.

160. Answering paragraph 160, Yelp denies the allegations.

161. Answering paragraph 161, Yelp denies the allegations.

162. Answering paragraph 162, Yelp denies the allegations.

163. Answering paragraph 163, Yelp denies the allegations.

164. Answering paragraph 164, Yelp denies the allegations.

165. Answering paragraph 165, Yelp denies the allegations.

## COUNT II

**For Violation of Section 20(a) of the Exchange Act Against the Individual Defendants**

166. Answering paragraph 166, Yelp incorporates its responses to the above paragraphs as if fully set forth herein.

167. Answering paragraph 167, Yelp denies the allegations.

168. Answering paragraph 168, Yelp denies the allegations.

169. Answering paragraph 169, Yelp denies the allegations.

## AFFIRMATIVE DEFENSES

For their Affirmative Defenses, Yelp alleges as follows:

1. The Complaint and each surviving Count therein fail to state a proper claim for relief, including failure to plead each element of a Section 10(b) and Rule 10b-5 claim with particularity.

2. Each surviving Count in the Complaint is barred by the statutory safe harbor for forward looking statements, 15 U.S.C. § 78u-5(c)(1), (2).

3. Each surviving Count in the Complaint is barred by the "bespeaks caution" doctrine.

4. Each surviving Count in the Complaint fails because the challenged misstatements and omissions were not material to the investment decisions of a reasonable investor or to the financial statements themselves.

5. Each surviving Count in the Complaint fails because Defendants had no duty to disclose with respect to the alleged misrepresentations and omissions.

6. Each surviving Count in the Complaint fails for lack of scienter, including application of the safe harbor for insider trades made pursuant to a Rule 10b5-1 plan.

7. To the extent that it may be determined that any Defendant or other person or entity is responsible for Plaintiffs' and the purported class members' alleged loss and acted with the state of mind required under the Exchange Act, such mental state and actions may not be attributed to any other Defendant.

8. Each surviving Count in the Complaint fails because Defendants, after a reasonable investigation, had reasonable grounds to believe that the alleged misstatements were true and that there was no omission of any material facts required to be stated, or that were necessary to make the statements not misleading.

9. Each surviving Count in the Complaint fails because Defendants did not know of the purported inaccuracy of any of the alleged misstatements, and did not know of any material omissions from those statements, and could not have become aware of the alleged inaccuracy and/or omissions in the exercise of reasonable care.

10. Each surviving Count in the Complaint fails for lack of loss causation.

11. Each surviving Count in the Complaint fails because Plaintiffs and the purported class members did not actually, justifiably, reasonably or otherwise rely upon any of the alleged

misstatements or omissions.

12. Each surviving Count in the Complaint fails because any loss allegedly incurred by Plaintiffs and the purported class members was not directly or proximately caused by any misstatements alleged in the Complaint.

13. Each surviving Count in the Complaint fails because the alleged misstatements and omissions did not affect the market price of Yelp securities.

14. The Individual Defendants cannot be held liable as control persons under Section 20(a) of the Exchange Act because they acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities, and did not directly or indirectly control or induce any act or acts constituting a violation of the Exchange Act.

15. Plaintiffs cannot establish, *inter alia*, an underlying violation of the Exchange Act necessary to assert claims under Section 20(a) of the Exchange Act.

16. Plaintiffs are sophisticated knowledgeable investors and therefore knew or should have known of the speculative nature and risks of their investment, including but not limited to material facts and risks that were publicly disclosed or in the public domain, which they voluntarily assumed but now improperly seek to shift to Defendants.

17. Each surviving Count in the Complaint fails because Plaintiffs and the purported class members have not suffered injury in fact from the conduct described in the Complaint.

18. This action is not maintainable as a class action.

19. Each surviving Count in the Complaint fails because Plaintiffs have failed to mitigate any damages they alleged suffered, if any such damages exist.

20. Defendants are entitled to receive contribution and/or indemnification from others for any liability they incur.

21. Defendants are entitled to offset damages, if any, by benefits received by Plaintiffs and the purported class members through their investments in Yelp.

22. Plaintiffs and the purported class members would be unjustly enriched if they were permitted to obtain any recovery in this action.

23. The alleged claims are barred under such equitable defenses as the evidence may

demonstrate, including but not limited to the doctrines of waiver, estoppel, unclean hands, ratification and/or laches.

24.  Plaintiffs' claims are barred in whole or in part to the extent that any member of the purported class lacks standing to assert any such claims.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants hereby request that this Court:

1. Deny any request to certify a class;

2. Dismiss all claims alleged in the Complaint and find that Plaintiffs and the purported class members take nothing by reason of the claims asserted herein;

3. Award Defendants their costs, including expert fees;

4. Enter judgment in favor of Defendants on all claims; and

5. Award any such other and further relief as the Court may deem just and proper.

DATED:  January 21, 2019                **ARNOLD & PORTER KAYE SCHOLER LLP**

By:  */s/ Gilbert R. Serota*
Gilbert R. Serota
gilbert.serota@arnoldporter.com
Benjamin Halbig
benjamin.halbig@arnoldporter.com
Zheng (Jane) He
jane.he@arnoldporter.com

Attorneys for Defendants
YELP INC., JEREMY STOPPELMAN,
LANNY BAKER, and JED NACHMAN