**GLANCY PRONGAY & MURRAY LLP**
LIONEL Z. GLANCY (#134180)
ROBERT V. PRONGAY (#270796)
STAN KARAS (#222402)
CHRISTOPHER R. FALLON (#235684)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160
Email:  info@glancylaw.com

*Lead Counsel for Lead Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS and ROEI AZAR, on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>YELP, INC., JEREMY STOPPELMAN, LANNY BAKER, and JED NACHMAN<br>Defendants. | Case No. 3:18-cv-00400-EMC<br><br>CLASS ACTION<br><br>**JOINT RULE 26(f) CONFERENCE REPORT**<br><br>Judge:  Hon. Edward M. Chen<br>Date:  N/A<br>Time:    N/A<br>Place:   N/A |

Pursuant to Rules 16(c) and 26(f) of the Federal Rules of Civil Procedure, the Standing Order for All Judges of the Northern District of California dated January 17, 2017, Civil Local Rule 16-9, Lead Plaintiff Jonathan Davis and Plaintiff Roei Azar (collectively, "Plaintiffs") and Defendants Yelp, Inc., Jeremy Stoppelman, Lanny Baker, and Jed Nachman ("Defendants", and collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Rule 26(f) Conference Report.

1    I.      JURISDICTION AND SERVICE

2            This is a putative securities class action lawsuit alleging violations of Sections 10(b) and 20(a)

3    of the Securities and Exchange Act of 1934 ("Exchange Act").  This Court has jurisdiction over the

4    subject matter of this action pursuant to 28 U.S.C. § 1331, which confers upon the Court original

5    jurisdiction over all civil actions arising under the laws of the United States, as well as Section 27 of

6    the Exchange Act, 15 U.S.C. § 78aa.  There are no disputes regarding personal jurisdiction or venue,

7    and Defendants have been served or have waived service.  See Doc. 21.[1]

8    II.     FACTUAL ALLEGATIONS

9            A.      Plaintiffs' Brief Statement of the Facts

10           Yelp is a leading online review platform for consumers to share their everyday local business

11   experiences with other consumers by posting reviews, tips, photos and videos, and to engage directly

12   with businesses.  The Company earns revenue from its advertising products, transactions and other

13   services.  Yelp's advertising revenues were generated through three sales channels, its core local

14   advertisers, national advertisers, and self-serve advertisers.  Yelp's core local channel is focused on

15   small and medium sized businesses who are directly engaged by its sales force, who are focused on

16   adding new customers and are compensated by advertising sold in a given period.  This segment

17   accounted for approximately 70% of the Company's advertising revenues in 2016.

18           In 2015, Yelp began to transition from charging advertisers for every 1,000 ad impressions

19   ("CPM") to a cost-per-click ("CPC") basis, allowing the Company to better track the effectiveness of

20   advertising.   In early 2016, the Company signed up a record number of customers to year-long

21   contracts, which discouraged termination through hefty fees of up to $750.  Retaining customers with

22   expiring contracts was critical to Yelp's bottom line since Yelp only paid its sales force commission to

23   secure new accounts, not to retain accounts whose contract had expired, thereby increasing the

24   Company's margins from 48% in a customer's first year to 95% in its second.  The Company claimed

25   it was able to measure advertiser engagement, which correlated to return on investment ("ROI"), and

26   return on investment had a determinative impact on retention.

27   _____

28   [1] All "Doc." notations refer to docket entries on the Court's Electronic Case Filing system.

Plaintiffs allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business and operational success, telling investors they were "not alarmed in any way" about customer retention levels, when in fact, for at least six weeks before Defendants issued guidance, the Company was experiencing churn higher than its historical and expected range and a recovery team was put into place to curb further losses. Specifically, Plaintiffs allege that Defendants made false and/or misleading statements and/or failed to disclose that: (1) a cohort of less engaged advertisers who signed up for annual contracts in 1Q'16 as the Company was transitioning from CPM to CPC saw less ROI and were terminating their contracts at higher than anticipated rates.  The Company became aware of the extent of this problem in January and February of 2017 and implemented a recovery team to improve engagement and retention amongst this cohort; (2) as a result of the above, the Defendants' statements boasting of Yelp's success were materially false and misleading; and (3) the Company's 2017 financial guidance lacked a reasonable basis and was materially false and misleading.

On May 9, 2017, Yelp announced that the Company had experienced substantial weakness in revenue retention in late 2016 and January 2017.  On this news, shares of Yelp declined 18% on May 10, 2017.  Plaintiffs alleges that as a result of Defendants' wrongful acts and omissions – and the precipitous decline in the market value of the Company's securities – Plaintiffs and other Class members have suffered significant losses and damages.

**B.      Defendants' Statement**

The amended complaint in this action (Doc. 29), which includes the allegations set forth above, does not state a securities fraud claim because the vast majority of the purportedly false statements are forward-looking statements accompanied by meaningful cautionary language, which are protected by the PSLRA statutory safe harbor, 15 U.S.C. § 78u-5, and because Plaintiffs have failed to otherwise plead falsity, scienter, and loss causation with particularity.

Defendants deny the allegations of the complaint and have filed a motion to dismiss the amended complaint with prejudice, along with an accompanying request for judicial notice, which have been fully briefed (Docs. 31-35, 37-38).  The Court held oral argument on the motion to dismiss

on September 20, 2018 and issued a written order granting the motion in part and denying it in part on November 27, 2018 (Doc. 43).

## III.   LEGAL ISSUES

The Parties agree that the principal legal issues presented in this action include: (1) whether certain public statements made by Defendants during the Class Period were materially false or misleading or omitted material facts necessary to make the statements not misleading and therefore actionable under the federal securities laws; (2) whether Defendants had a duty to disclose any allegedly omitted information; (3) whether the alleged false or misleading statements and omissions made by Defendants were material; (4) whether Defendants made the alleged material false and misleading statements and omissions with scienter; (5) whether Defendants' challenged statements fall within the statutory safe harbor of the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-5(c)(1)(B)(i); (6) whether the price of Yelp securities during the Class Period was artificially inflated because of Defendants' alleged false or misleading statements and omissions; (7) whether Defendants' alleged false or misleading statements and omissions proximately caused losses to Plaintiffs and members of the proposed class; (8) whether Defendants Stoppelman, Davis and Nachman acted as controlling persons of Yelp for purposes of Section 20(a) of the Exchange Act; (9) whether Plaintiffs and the members of the proposed class sustained damages caused by the alleged false or misleading statements and omissions and, if so, the proper measure of damages; (10) whether this action may properly be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure; (11) whether Plaintiffs and the members of the proposed class are entitled to a presumption of reliance upon the integrity of the market price of Yelp's securities and market information relating to Yelp; and (12) whether Plaintiffs and the members of the proposed class are entitled to a presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States,* 406 U.S. 128, 92 S. Ct. 2430 (1972).

## IV.   MOTIONS & PROCEDURAL HISTORY

On August 2, 2018, Defendants' filed a Motion to Dismiss the Amended Class Action Complaint. Doc. 31. The Court issued an Order denying Defendants' Motion to Dismiss in part on

November 27, 2018. Doc. 43.  On December 17, 2018, Defendants filed a Motion for Leave to File a Motion for Reconsideration of the Loss Causation Ruling in the Court's Order of November 27, 2018 ("Defendants' Motion"). Doc.47.  On January 21, 2019, Defendants filed an Answer and Affirmative Defenses of Defendants Yelp, Stoppelman, Baker and Nachman to Amended Complaint. Doc. 51. On January 22, 2019, the Court denied Defendant's Motion. Doc. 52.

The Parties anticipate that they will file other dispositive motions as may be necessary. The Parties will work cooperatively to attempt to resolve any discovery disputes and will file joint discovery letter briefs consistent with paragraph 4 of the Court's March 12, 2015 Civil Standing Order On Discovery if, after a diligent meet-and-confer, they remain at an impasse regarding the disputed issue.  Lead Plaintiff anticipates filing a motion for class certification, which Defendants anticipate opposing.  Each party anticipates filing motions for summary judgment following the completion of fact and expert discovery.  The parties' proposed schedule for these motions and related discovery is set forth in Section VIII below.

## V.    AMENDMENT OF PLEADINGS

The initial complaint in this action was filed on January 18, 2018, by a party other than the current Lead Plaintiff.  Doc. 1.  Plaintiffs filed an Amended Class Action Complaint on June 25, 2018. Doc. 29.  The Parties reserve their rights to amend the pleadings and join additional parties in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.

## VI.    EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See 15 U.S.C. § 78u-4(b)(3)(C).  Until recently, discovery has been stayed under the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B).

Plaintiffs assert the relevant preservation period is January 1, 2015 through the present. Defendants believe the appropriate timeframe for the preservation of relevant documents is January

2017 through May 2017.  The Parties have complied, and will continue to comply, with the provision of the PSLRA related to evidence preservation, 15 U.S.C. § 78u-4(b)(3)(C)(i).

## VII.   DISCLOSURES

The Parties agreed to exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on February 26, 2019.

## VIII.   DISCOVERY & SCHEDULE

Stan Karas and Christopher Fallon of Glancy Prongay & Murray LLP, and Marshall Dees of Holzer & Holzer, LLC, representing Plaintiffs, and Gilbert Serota, Jane He, and Ben Halbig of Arnold & Porter, representing Defendants, conferred telephonically pursuant to Rule 26(f) on January 8, 2019. No discovery has been taken to date.   At the present time, the Parties anticipate depositions, interrogatories, document requests, requests for admission, and other fact and expert discovery available under the Federal Rules of Civil Procedure and Local Rules.  Without prejudice to their rights to supplement or amend the following categories, the Parties anticipate that the scope of discovery will concern, among other things, issues of liability, damages, and defenses, including the factual and legal issues set forth in the Plaintiffs' Amended Complaint.  In light of the allegations set forth in Plaintiffs' Amended Complaint, the Parties expect that discovery will focus in part on the retention of customers in Yelp's local advertising segment.  Any expert discovery will likely focus on stock market behavior at the time any purported misstatements or omissions were made.

The Parties agree in principle that a stipulated ESI protocol is appropriate in this action and will promptly negotiate and present one for the Court's consideration.  The Parties also agree that a protective order is necessary due to the confidential nature of certain personal and business information that may be exchanged.   To that end, the Parties will promptly present a stipulated protective order addressing the treatment of confidential information and any inadvertently produced information.

### a.   Limitations or Modifications of the Discovery Rules

**Depositions**: The Parties believe that additional depositions, beyond the limits imposed by Fed. R. Civ. P. 30(a)(2), will be required  given the nature of this case.  This case is a securities

action involving complex factual issues.  In addition to Yelp witnesses, the parties may need to depose certain third-party witnesses, such as analysts who covered Yelp.  The Parties propose to modify the limitation to permit each side to take up to 25 depositions without leave of Court for good cause shown.  However, for purposes of class certification only, the Parties do not seek a modification to the limitations set by Rule 30(a)(2).

**Interrogatories**: The Parties propose a maximum of thirty-five (35) interrogatories per side without leave of Court for good cause shown.

The Parties propose a schedule for this action as follows:

| Action | Proposed Dates |
|---|---|
| Discovery Opens | January 8, 2019 |
| Initial Disclosures | February 26, 2019 |
| Class Certification Motion | August 14, 2019 |
| Opposition to Class Certification Motion | September 25, 2019 (6 weeks after cert motion) |
| Reply in Support of Class Certification Motion | October 23, 2019 (4 weeks after opp to cert) |
| Last Day to Amend Pleadings/Add Parties | November 8, 2019 |
| Close of Fact Discovery | January 8, 2020 (12 months after the opening of discovery) |
| Affirmative Expert Disclosures and Reports | February 5, 2020 (5 weeks after fact discovery cutoff ) |
| Rebuttal Expert Disclosures and Reports | March 4, 2020 (4 weeks after affirmative expert reports) |
| Close of Expert Discovery | April 15, 2020 (6 weeks after rebuttal reports) |
| Dispositive Motions | May 22, 2020 (approx. 45 days after expert discovery cutoff) |
| Oppositions to Dispositive Motions | July 6, 2020 (approx. 45 days after service of dispositive motions) |
| Reply in Support of Dispositive Motions | August 6, 2020 (30 days after service of oppositions to dispositive motions) |
| Hearing Date for Dispositive Motions | At least 150 days prior to trial |
| Pretrial Conference | Three weeks prior to trial |
| Trial Date | As set by the Court |
| Trial Length | 14-21 days |

## IX.    CLASS ACTION

Plaintiffs bring their claims on behalf of a class, consisting of all those who purchased or otherwise acquired securities of Yelp between February 10, 2017 and May 9, 2017, inclusive and who were damaged thereby.  Excluded from the proposed class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal

1   representatives, heirs, successors or assigns and any entity in which Defendants have or had a

2   controlling interest.  Plaintiffs believe this matter is suitable for class treatment pursuant to Rule 23(a)

3   and (b)(3) of the Federal Rules of Civil Procedure.  Plaintiffs contend that they are entitled to maintain

4   this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) based on the following facts:

5       • The members of the Class are so numerous that joinder of all members is impractical, if not

6   impossible.  Plaintiffs believe that the Class consists of hundreds or thousands of members and that

7   they are geographically dispersed.

8       • There are questions of law and fact common to all members of the Class, including without

9   limitation: (i) whether the statements made by Defendants to the investing public during the Class

10  Period were false or misleading or omitted material facts necessary to make the statements not

11  misleading; (ii) whether the alleged false or misleading statements made by Defendants were material;

12  and (iii) whether Defendants made the alleged false or misleading statements with scienter.

13      • Plaintiffs' claims are typical of the claims of the Class because all members of the Class were

14  similarly affected by Defendants' wrongful conduct.

15      • Plaintiffs are adequate representatives of the Class because Plaintiffs' claims are typical of

16  those of the Class, and Plaintiffs have the same interests in the litigation of this case as the other Class

17  members.  Plaintiffs are committed to the vigorous prosecution of this case and have retained

18  competent counsel that is experienced in litigating large, complex class actions of this nature.

19      • The questions of law and fact that are common to all Class members predominate over

20  questions affecting only individual members.  In particular, Plaintiffs believe that it will establish that

21  Yelp stock traded in an efficient market during the Class Period, enabling the Class to invoke the

22  fraud-on-the-market presumption of reliance.  A presumption of reliance is also available for

23  Defendants' material omissions in accordance with *Affiliated Ute Citizens of Utah v. United States*,

24  406 U.S. 128 (1972).

25      • A class action is superior to other means of deciding this controversy.  Should separate

26  actions be brought by each member of the Class, the resulting multiplicity of lawsuits would cause

27

28

458204.1

1  undue hardship and expense for the Court and the litigants.  Accordingly, Plaintiffs will move for class

2  certification.

3        At this time, and prior to discovery, Defendants deny that this lawsuit should proceed as a class

4  action, and reserve their right to oppose any motion for class certification accordingly.  The Parties'

5  proposed briefing schedule for class certification, including time for discovery related to whether class

6  treatment is appropriate, is set forth supra in Section VIII.

7  **X.      RELATED CASES**

8        The Parties are not aware of any related cases or proceedings pending before another judge of

9  this court, or before another court or administrative body.

10  **XI.      RELIEF**

11       **(a) Plaintiffs' Position**

12        Plaintiffs seek compensatory damages on behalf of themselves and the proposed class,

13  jointly and severally, for losses incurred as a result of the fraud alleged in the Amended Complaint.

14  Plaintiffs state that the precise measure of damages will be calculated by an expert and disclosed

15  consistent with the requirements of Rule 26 of the Federal Rules of Civil Procedure after appropriate

16  discovery.  Plaintiffs also seek an award of costs and expenses incurred in this action, including

17  attorneys' fees and expert fees.

18       **(b) Defendants' Position**

19        Defendants deny that Plaintiffs and other putative Class members were damaged or are entitled

20  to any relief.

21  **XII.      SETTLEMENT AND ADR**

22        No settlement discussions have occurred to date.  The Parties agree that ADR is premature

23  given that no discovery has occurred, but are prepared to discuss ADR as soon as practicable.  This

24  action is not a case assigned to the ADR Multi-Option Program.  The Parties have reviewed and

25  complied with ADR L.R. 3-5 and are amenable to private mediation in this action at an appropriate

26  time.

27

28

**XIII.   CONSENT TO MAGISTRATE JUDGE**

The Parties do not consent to having a magistrate judge conduct all further dispositive proceedings including dispositive motions, trial, and/or entry of judgment.

**XIV.   OTHER REFERENCES**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.   NARROWING OF ISSUES**

Discovery has not yet taken place in this action.  As a result, the Parties are unable to narrow the issues to be resolved at trial at this time.  Depending on the evidence obtained in discovery, some or all issues may be narrowed through motions for class certification or motions for summary judgment.  The Parties will work collaboratively to expedite the presentation of evidence at trial.

**XVI.   EXPEDITED TRIAL PROCEDURE**

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**XVII.  SCHEDULING**

The Parties propose the deadlines set forth in Section VIII above.

**XVIII. TRIAL**

The Parties request a jury trial. The Parties believe that it is premature to discuss the expected length of the trial without having conducted any discovery, but prior to discovery, the Parties estimate trial will take between fourteen (14) and twenty-one (21) days.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs' Statement: Plaintiffs complied with Civil Local Rule 3-15 by filing a "Notice of Interested Parties" on January 18, 2018 (ECF No. 4).  Plaintiffs confirm that, other than the named Parties and members of the proposed Class, they are aware of no interest to be reported under Civil Local Rule 3-15.

1    Defendants' Statement: Defendants complied with Civil Local Rule 3-15 by filing a "Notice of

2  Interested Parties" on August 2, 2018 (ECF No. 33).  Defendants confirm that they are aware of no

3  interest to be reported under Civil Local Rule 3-15.

4  **XX.    PROFESSIONAL CONDUCT**

5    All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern

6  District of California.

7  Dated: January 30, 2019                    **GLANCY PRONGAY & MURRAY LLP**

8

9                                             By:  *s/ Stan Karas*
                                             Lionel Z. Glancy
10                                            Robert V. Prongay
                                             Stan Karas
11                                            Christopher R. Fallon
                                             1925 Century Park East, Suite 2100
12                                            Los Angeles, California 90067
                                             Telephone: (310) 201-9150
13                                            Facsimile:  (310) 201-9160
                                             Email: info@glancylaw.com
14

15

16                                            **HOLZER & HOLZER, LLC**
                                             Corey D. Holzer
17                                            Marshall P. Dees
                                             Alexandria P. Rankin
18                                            1200 Ashwood Parkway, Suite 410
                                             Atlanta, Georgia 30338
19                                            Telephone: (770) 392-0090
                                             Facsimile: (770) 392-0029
20

21                                            *Lead Counsel for Lead Plaintiff Jonathan Davis,*
                                             *Plaintiff Roei Azar and the Class*
22

23  Dated: January 30, 2019                    **ARNOLD & PORTER KAYE SCHOLER LLP**

24

25                                            By: *s/ Gilbert R. Serota*
                                             Gilbert R. Serota
26                                            Benjamin Halbig
                                             Zheng (Jane) He
27                                            Three Embarcadero Center, 10th Floor
                                             San Francisco, CA 94111
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: Gilbert.Serota@arnoldporter.com
Email: Benjamin.Halbig@arnoldporter.com
Email: Jane.He@arnoldporter.com

*Attorneys for Defendants Yelp Inc., Jeremy Stoppelman, Lanny Baker and Jed Nachman*

<u>CASE MANAGEMENT ORDER</u>

The above JOINT RULE 26(f) CONFERENCE REPORT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE

1

<u>**PROOF OF SERVICE BY ELECTRONIC POSTING**</u>

2

  I, the undersigned say:

3

  I am not a party to the above case, and am over eighteen years old.  On January 30, 2019, I

4

served true and correct copies of the foregoing document, by posting the document electronically to

5

the ECF website of the United States District Court for the Northern District of California, for receipt

6

electronically by the parties listed on the Court's Service List.

7

  I affirm under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct.  Executed on January 30, 2019 at Los Angeles, California.

9

10

         *s/ Stan Karas*

         Stan Karas

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:18-cv-00400-EMC Azar v. Yelp, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z. Glancy**
  info@glancylaw.com,lionel-glancy-2522@ecf.pacerpro.com,lglancy@glancylaw.com

- **Benjamin Thorman Halbig**
  benjamin.halbig@arnoldporter.com,eDocketsCalendaring@arnoldporter.com

- **Zheng He**
  jane.he@arnoldporter.com,maondca@arnoldporter.com,Gail.Boneberg@arnoldporter.com

- **Corey Daniel Holzer**
  cholzer@holzerlaw.com

- **Stan Karas**
  SKaras@glancylaw.com,stan-karas-1195@ecf.pacerpro.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Lesley F. Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com,lesley-portnoy-3007@ecf.pacerpro.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Kevin Francis Ruf**
  info@glancylaw.com,kevin-ruf-7394@ecf.pacerpro.com,kevinruf@gmail.com

- **Gilbert Ross Serota**
  gilbert.serota@arnoldporter.com,marie.zambrano@arnoldporter.com,SFCalendar@arnoldporter.com,jeeyoung.you@arnoldporter.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`