1  ARNOLD & PORTER KAYE SCHOLER LLP
   GILBERT R. SEROTA (SBN 75305)
2  BENJAMIN HALBIG (SBN 321523)
   ZHENG (JANE) HE (*admitted pro hac vice*)
3  Three Embarcadero Center, 10th Floor
   San Francisco, CA 94111
4  Telephone:   (415) 471-3100
   Facsimile:   (415) 471-3400
5  Email: Gilbert.Serota@arnoldporter.com
   Email: Benjamin.Halbig@arnoldporter.com
6  Email: Jane.He@arnoldporter.com

7  Attorneys for Defendants
   YELP INC., JEREMY STOPPELMAN,
8  LANNY BAKER, and JED NACHMAN

9

10                    **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12

13  JONATHAN DAVIS and ROEI AZAR, on        Case No. 3:18-cv-00400-EMC
    Behalf of All Others Similarly Situated,
14                                           CLASS ACTION
                     Plaintiffs,
15                                           **[PROPOSED] STIPULATED**
            vs.                              **PROTECTIVE ORDER**
16
    YELP, INC., JEREMY STOPPELMAN,
17  LANNY BAKER, and JED NACHMAN
18                   Defendants.
19
20
21
22
23
24
25
26
27
28

## 1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, provided that the materials produced in this litigation (including discovery responses) shall be used solely for this litigation irrespective of designation as set forth in Section 7.1 below. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    **DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that the Designating Party reasonably and in good faith believes fall within one or more of the following categories: (i) information or tangible things protected from disclosure by statute; (ii) information or tangible things that reveal trade secrets; (iii) confidential research and information of a technical, developmental, commercial, or financial nature that the party has maintained as confidential, including without limitation personal financial information such as trading records; (iv) material nonpublic information within the meaning of the federal securities laws; (v) information or tangible things that are not generally available to the public and that the Designating Party would not want to be made public in the ordinary course of his, her, or its

- 1 -

activities; (vi) sensitive, non-public personal or consumer information concerning individuals or entities, including but not limited to Social Security numbers, home telephone numbers and addresses, tax returns (including attached schedules and forms), W-2 forms, 1099 forms, and medical, credit, or banking information.

2.3    Contract Attorneys: attorneys who are neither employees of Outside Counsel of Record or employees of a Party to this action but are hired by Outside Counsel of Record as independent contractors to assist with this litigation.

2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not presently anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).  Party includes the Lead Plaintiff in this action and any other individual later designated as class representative, but does not include any other member of the putative class alleged in the Amended Complaint.

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

### 3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) as provided in Section 7.1, all materials produced in this litigation irrespective of designation, including discovery responses. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

- 3 -

Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order will exercise good faith in making confidentiality designations. The Parties have established a procedure to meet and confer to resolve challenges to specific confidentiality designations, as set forth below in Section 6.2 and for requesting pin-point designations for mixed-confidentiality documents, as set forth in Section 5.4.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must within 10 (ten) business days notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. The Designating Party may in good faith also designate the entire transcript of a deposition, hearing or other proceeding as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to reconsideration after review of the final transcript by so stating on the record before the close of the deposition, hearing, or other proceeding.  Unless the Designating Party notifies the other parties that it intends to change its designation within 14 business days of receiving a final transcript, the entire transcript shall be treated as designated on the record. Alternatively, Counsel may make a confidentiality designation within 14 business days of receiving a final transcript of the testimony by identifying those specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection on the record or within the 14 business day period following receipt of the transcript, shall be covered by the provisions of this Order.  The parties may modify this procedure for any

particular deposition or pre-trial testimony through agreement on the record at such deposition or testimony without further order of the Court.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. Pages of transcribed deposition testimony or exhibits to a deposition that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Any transcript that is prepared before the expiration of a 14 business day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive or forfeit the right to so designate. If a Party designates the material after it was initially produced, the Receiving Party, on written notification of the designation, must make reasonable best efforts to assure that the information or item is treated in accordance with the provisions of this Order. No Party shall be found to have violated the Order for failing to maintain the confidentiality of information during a time when that material has not been

- 6 -

1   designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2   even where the failure to so designate was inadvertent and where the information is subsequently

3   designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4   ONLY."

5          5.4    <u>Documents Containing Confidential and Non-Confidential Information</u>. For any item

6   of Disclosure or Discovery Material designated as "CONFIDENTIAL" and/or "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order, the Receiving Party may

8   reasonably request that the Producing Party indicate, and the Producing Party shall indicate, in

9   writing, which parts of the Disclosure or Discovery Material contain confidential information and

10   which parts do not. If some or all of a multi-page document is designated as "CONFIDENTIAL" or

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" then the first page of the document

12   and all pages containing such information shall bear the "CONFIDENTIAL" or "HIGHLY

13   CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend appropriate to the level of protection

14   being asserted.  The Producing Party shall make reasonable efforts to designate as

15   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only such

16   portions of the Disclosure or Discovery Material it reasonably believes qualify for such

17   designations.

18         **6.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

19          6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at

20   any time. Unless a prompt challenge to a Designating Party's confidentiality designation is

21   necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

22   significant disruption or delay of the litigation, a Party does not waive its right to challenge a

23   confidentiality designation by electing not to mount a challenge promptly after the original

24   designation is disclosed.

25          6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process

26   by providing written notice of the specific designations (by Bates number for documents, and by

27   page and line number for deposition testimony) it is challenging and describing the basis for the

28   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice, unless otherwise agreed. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge about a confidentiality designation in the manner provided in paragraph 6.2 above, the Challenging Party may challenge the confidentiality designation by filing and serving a motion under the Federal and Local Rules. Any motion brought under this provision must be accompanied by an affirmation that the movant has complied with the meet-and-confer requirements imposed by paragraph 6.2 of this Order.

This Order does not alter the burden of persuasion in any such challenge. The Challenging Party will exercise good faith in challenging confidentiality designations. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material produced in this litigation (including discovery responses) only for prosecuting, defending, or attempting to settle this litigation and for no other purpose (including, without limitation, any personal, business or commercial purpose or any other litigation or proceeding) irrespective of designation. In addition, Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored

and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)    the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided that the Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)    the Court and its personnel;

      (e)    court reporters and their staff, videographers and their staff, mediators, professional jury or trial consultants and their staff, mock jurors, Contract Attorneys, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

      (f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

      (g)    during their depositions or testimony at trial, deponents or witnesses in this litigation, as well as attorneys for such deponents or witnesses, to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

- 9 -

Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is necessary to disclose the information for this litigation;

(b)    Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)    the Court and its personnel;

(d)    court reporters and their staff, videographers and their staff, mediators, professional jury or trial consultants, mock jurors, Contract Attorneys and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that: (1) identifies the general subject matter of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each

- 10 -

person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  Documents or information that have been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not, under any circumstances, be provided to the Expert until 10 business days after such written request has been made to the Designating Party.

(b)      A Party that makes a request and provides the information specified in paragraph 7.4(a)  may disclose the subject Protected Material to the identified Designated Expert unless, within 9 business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within five business days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided under the Federal and Local Rules seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Designated Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated Expert.

US 164552703v1

1
2

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

3

4

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Information that Party must:

5

6

7

(a)   notify the Designating Party, in writing, promptly, and in no event more than five (5) days after receiving the subpoena or court order. Such notification shall include a copy of the subpoena or court order;

8

9

10

11

(b)   notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall be prompt, and in no event be made more than five (5) days after receiving the subpoena or court request, and shall include a copy of this Stipulated Protective Order; and

12

13

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

14

15

16

17

18

19

20

21

If the Designating Party objects to the production of Protected Material, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in the appropriate court and/or arbitral tribunal of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

22

23

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

24

25

26

27

28

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Any Party's failure to designate the Non-Party's confidential information as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not waive the Non-Party's rights to designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party; and

4.     notify the Non-Party that if it fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must as soon as reasonably practicable (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

- 13 -

1

2

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

3

4

5

6

7

8

9

10

11

12

11.1    Pursuant to Fed. R. Evid. 502(b), (d) and (e), the inadvertent production of information that is privileged or otherwise protected will not automatically operate as a waiver of privilege or the work product doctrine, or any other applicable privilege, protection, or immunity in this proceeding or in any other federal, state, or arbitral proceeding. Whether such inadvertent production operates as a waiver will depend on the circumstances of the production, including whether the holder of the privilege or protection took reasonable steps to prevent disclosure and to rectify the error. For purposes of this Order, an inadvertent production includes a production without prior review of the information for privilege or work product or with use of linguistic tools in screening for privilege or work-product protection. Nothing in this Section precludes a Party from otherwise challenging a claim of privilege or work-product protection.

13

14

11.2    In the event that privileged or otherwise protected information is inadvertently produced, the following procedures will apply:

15

16

17

18

19

20

(a)     If a Producing Party discovers that it inadvertently produced information that the Producing Party claims is privileged or otherwise protected work product, the Producing Party will promptly (i) advise the Receiving Party of the inadvertent disclosure in writing (unless written notification is impractical), and (ii) explain the basis for the claim of privilege or work-product protection. After being notified, the Receiving Party shall treat the information in compliance with the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B).

21

22

23

24

25

26

27

(b)     If a Receiving Party discovers information that it reasonably believes to be privileged or protected work product, the Receiving Party will treat the information in compliance with Fed. R. Civ. P. 26(b)(5)(B) and notify the Producing Party of the disclosure and identify the information. The Producing Party then has seven days to (i) confirm whether it intends to assert that the information is privileged or work product, and (ii) provide the basis for the claim of privilege or protection. The Receiving Party shall at all times treat the specified information in accordance with the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B).

28

(c)     To the extent the Receiving Party challenges the claim of privilege or work product under this Section, the Parties must meet and confer in an attempt to resolve the matter. If the Parties cannot resolve the dispute, the Party challenging the claim of privilege or work product shall have a reasonable amount of time to present the issue to the Court consistent with Fed. R. Civ. P. 26(b)(5)(B).

(d)     If a Party receives information that it does not reasonably believe to be privileged or otherwise protected work product, disclosure or use of the information by the Receiving Party, including production to a third party, where permitted under this Order, before notice from the Producing Party that the information was inadvertently produced, will not be deemed a violation of this Order. However, under these circumstances, the Producing Party shall not be deemed to have waived privilege or work-product protection based solely on the Receiving Party's disclosure of the inadvertently produced information to a third party.

(e)     If the Receiving Party disclosed the inadvertently produced information to a third party before receiving notice of a claim of privilege or work-product protection, it must undertake reasonable best efforts to retrieve the information and to return it, sequester it until the claim is resolved, or destroy it.

(f)     If, during a deposition, the Producing Party asserts for the first time that information contained in a marked exhibit was inadvertently produced and is privileged or protected work product and the Receiving Party disputes the assertion, the Parties shall cooperate in good faith to reasonably resolve the dispute. If the dispute cannot be resolved by agreement of the Parties, it may be presented to the Court within ten (10) business days of the deposition.

## 12.     **MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future for good cause shown. Nothing in this Order shall preclude a Party from seeking additional protections or be construed as an admission that the protections provided herein are sufficient to protect its rights.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or

- 15 -

1   item on any ground not addressed in this Order. Similarly, no Party waives any right to object on

2   any ground to the use in evidence of any of the material covered by this Order.

3        12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or

4   a court order secured after appropriate notice to all interested persons, a Party may not file in the

5   public record in this action any Protected Material. A Party that seeks to file under seal any

6   Protected Material must comply with Civil Local Rule 79-5 and any applicable Standing Order.

7   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of

8   the specific Protected Material at issue. If a Receiving Party's request to file Protected Material

9   under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may

10   file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless

11   otherwise instructed by the Court.

12                        **13.    FINAL DISPOSITION**

13        Within 60 days after the final disposition of this action, as defined in Section 4, each

14   Receiving Party must make commercially reasonable efforts to return all Protected Material to the

15   Producing Party or destroy such material. As used in this subdivision, "all Protected Material"

16   includes all copies, abstracts, compilations, summaries, and any other format reproducing or

17   capturing any of the Protected Material. Whether the Protected Material is returned or destroyed,

18   the Receiving Party must certify in writing to the Producing Party (and, if not the same person or

19   entity, to the Designating Party) by the 60-day deadline that it has complied with this Section.

20   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all documents

21   filed with the Court including those filed under seal, trial, deposition, and hearing transcripts, legal

22   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

23   and consultant and expert work product, even if such materials contain Protected Material. Any

24   such archival copies that contain or constitute Protected Material remain subject to this Order as set

25   forth in Section 4 (DURATION).

26   / / /

27   / / /

28   / / /

[PROPOSED] STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:18-CV-00400-EMC
US 164552703V1

IT IS SO STIPULATED, through Counsel of Record.


Dated: March 13, 2019                    **ARNOLD & PORTER KAYE SCHOLER LLP**


By: */s/ Gilbert R. Serota*
Gilbert R. Serota
Benjamin Halbig
Zheng (Jane) He
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: Gilbert.Serota@arnoldporter.com
Email: Benjamin.Halbig@arnoldporter.com
Email: Jane.He@arnoldporter.com

*Attorneys for Defendants Yelp Inc., Jeremy*
*Stoppelman, Lanny Baker and Jed Nachman*

Dated: March 13, 2019                    **GLANCY PRONGAY & MURRAY LLP**


By:  */s/ Stan Karas*
Lionel Z. Glancy
Robert V. Prongay
Stan Karas
Christopher R. Fallon
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer
Marshall P. Dees
Alexandria P. Rankin
1200 Ashwood Parkway, Suite 410
Atlanta, Georgia 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Lead Counsel for Lead Plaintiff Jonathan Davis,*
*Plaintiff Roei Azar and the Class*

1

## **ATTESTATION**

2        I, Gilbert R. Serota, am the ECF user whose user ID and password are being utilized to

3   electronically file this **[PROPOSED] STIPULATED PROTECTIVE ORDER**.  Pursuant to

4   Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

5   Dated:  March 13, 2019.

6                                                            /s/ *Gilbert R. Serota*
                                                             GILBERT R. SEROTA
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER                         CASE NO. 3:18-CV-00400-EMC

US 164552765V1

1

## **ORDER**

2
PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4
DATED: _____

5
Hon. Edward M. Chen
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of Jonathan David and Roei Azar v. Yelp, Inc., Jeremy Stoppelman, Lanny Baker, and Jed Nachman, Case No. 3:18-cv-00400-EMC. I understand that materials produced in this litigation may include material nonpublic information within the meaning of the federal securities laws. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

- 1 -