EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JONATHAN DAVIS, and ROEI AZAR, on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YELP, INC., JEREMY STOPPELMAN, LANNY BAKER, and JED NACHMAN,<br><br>Defendants. | Case No. 3:18-cv-00400-EMC<br><br>Honorable Edward M. Chen |

### STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of April 14, 2022 (the "Stipulation") is entered into between (a) Lead Plaintiff Jonathan Davis ("Lead Plaintiff"), on behalf of himself and the Class (defined below); and (b) defendants Yelp Inc. ("Yelp" or the "Company"), and Jeremy Stoppelman ("Stoppelman"), Lanny Baker ("Baker"), and Jed Nachman ("Nachman") (collectively, the "Individual Defendants," and, together with Yelp, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]   Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.      On January 18, 2018, Roei Azar filed a class action complaint in the United States District Court for the Northern District of California (the "Court"), styled *Azar v. Yelp, Inc. et al.*,

---

[1]   All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

Case No. 3:18-cv-00400-EMC.  ECF No. 1.  The complaint alleged violations of the Securities

Exchange Act of 1934 (the "Exchange Act") against the Company, Stoppelman and Baker.

      B.      On March 19, 2018, Lead Plaintiff filed a motion pursuant to the Private Securities

Litigation Reform Act of 1995 (the "PSLRA") to be appointed lead plaintiff in the Action.  ECF

Nos. 13-14.  That same day, one additional movant filed a motion pursuant to the PSLRA to be

appointed lead plaintiff in the Action (ECF Nos. 9-10), which was subsequently withdrawn on

April 2, 2018 (ECF No. 16).

      C.      On April 27, 2018, the Court appointed Jonathan Davis as Lead Plaintiff for the

Action; and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP and Holzer &

Holzer LLC as Lead Counsel.  ECF No. 23.

      D.      On June 25, 2018, Lead Plaintiff and plaintiff Roei Azar[2] filed and served the

Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint")

asserting claims against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5

promulgated thereunder, and against the Individual Defendants under Section 20(a) of the

Exchange Act.  ECF No. 29.  Among other things, the Complaint alleged that Defendants made

materially false and misleading statements about Yelp's revenue retention in its local advertising

business.  The Complaint further alleged that the prices of Yelp publicly-traded common stock

were artificially inflated as a result of Defendants' allegedly false and misleading statements, and

declined when the truth was revealed.

      E.      On August 2, 2018, Defendants moved to dismiss the Complaint and requested

judicial notice of 14 exhibits.  ECF Nos. 31-32.  On August 23, 2018, Lead Plaintiff served his

papers in opposition to Defendants' motion to dismiss and request for judicial notice.  ECF Nos.

---

[2]  On August 14, 2019, the Parties filed a stipulation dismissing plaintiff Roei Azar's individual claims against Defendants without prejudice (ECF No. 64), which the Court granted on August 19, 2021 (ECF No. 65).

34-35.  On September 6, 2018, Defendants served their reply papers.  ECF Nos. 37-38.

F.      Oral argument on the motion was heard on September 20, 2018 (ECF No. 40) and on November 27, 2018, the Court entered its Order granting in part, and denying in part, Defendants' motion to dismiss (ECF No. 43, the "MTD Order").

G.      On December 17, 2018, Defendants filed a motion for reconsideration of a portion of the Court's MTD Order (ECF No. 47), which the Court denied on January 22, 2019 (ECF No. 52).  On January 21, 2019, Defendants filed and served an answer to the Complaint.  ECF No. 51.

H.      On May 24, 2019, the Parties filed a stipulation regarding a proposed scheduling order (ECF No. 59), which the Court modified and then entered on May 31, 2019 setting a fact discovery cut-off for January 8, 2020 (ECF No. 61).

I.      From February 2019 through April 2021, the Parties engaged in extensive fact and expert discovery.  On February 1, 2019, Lead Plaintiff served his first set of Requests for Production of Documents upon Defendants.  In total during the discovery period, Lead Plaintiff propounded one set of Requests for Production of Documents, two sets of written Interrogatories, and one set of written Requests for Admissions upon Defendants; Defendants propounded one set of written Interrogatories and one set of written Requests for Production upon Lead Plaintiff.  Over the course of the discovery period, Lead Plaintiff produced over 4,000 pages of documents to Defendants and Lead Plaintiff's counsel reviewed and analyzed more than 400,000 pages of documents produced by Defendants.  In July 2019, Lead Plaintiff took two Rule 30(b)(6) depositions of Defendant Yelp in San Francisco.  Thereafter, Lead Plaintiff took the depositions of fifteen (15) current or former Yelp employees, including the Individual Defendants—a total of eleven (11) were conducted in person (ten (10) in San Francisco and one (1) in Chicago) and four (4) were conducted remotely.  In addition, Defendants took the deposition of Lead Plaintiff. Lead Plaintiff retained two experts to testify on the topics of Yelp's advertising and sales practices

3

and outcomes, economic materiality, loss causation and damages.   Defendants took the depositions of both of Lead Plaintiff's experts.   Defendants retained one expert to render competing opinions on economic materiality, loss causation and damages, who Lead Plaintiff deposed.

J.      On August 14, 2019, Lead Plaintiff filed and served his motion for class certification, together with the expert report of Dr. Zachary Nye, Ph.D. regarding market efficiency. ECF Nos. 62-63. On October 21, 2019, after conferring with Lead Plaintiff regarding class certification with respect to Lead Plaintiff's claims, the Parties filed a stipulation for class certification. ECF No. 70. On October 22, 2019, the Court entered an order certifying the Class and appointing Jonathan Davis as Class Representative, and Glancy Prongay & Murray LLP and Holzer & Holzer LLC as Class Counsel. ECF No. 71.

K.      On June 12, 2020, the Court issued an order approving the notice program, which included publication of the Summary Notice of Pendency of Class Action ("Certified Class Summary Notice") in the national edition of *Investor's Business Daily* and transmission over *PR Newswire*, and mailing of (a) the Notice of Pendency of Class Action, and (b) the Request for Exclusion From the Class Form (collectively, "Certified Class Notice") to putative Class Members.   ECF No. 88.   The Certified Class Notice was sent to putative Class Members beginning on June 26, 2020. ECF No. 100-1, ¶ 6. Pursuant to the Court's June 12, 2020 Order, the Certified Class Notice provided putative members of the Class with the opportunity to request exclusion from the Class. The Certified Class Notice explained Class Members' right to request exclusion from the Certified Class, set forth the procedure for doing so, stated that it is within the Court's discretion whether to permit a second opportunity to request exclusion if there is a settlement, and provided a deadline of August 25, 2020 for the submission of requests for exclusion. ECF No. 100-1, ¶ 17. The Certified Class Notice further stated that Certified Class

4

Members who choose to remain a member of the class "will be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable." ECF No. 87-6. Certain persons and entities exercised their right to request exclusion from the Class in connection with the Certified Class Notice, and three subsequently requested to be included in the Class. *See* Appendix 1 hereto; ECF No. 100-1, ¶ 18, Ex. C; ECF No. 116 (Joint Statement Regarding Request for Inclusion).

L.    On December 4, 2019, pursuant to the Parties' joint request, the Court entered an amended scheduling order extending the fact discovery cut-off by four months to May 8, 2020, along with a corresponding extension of other case dates. ECF No. 73.

M.    On May 1, 2020, pursuant to the Parties' joint request, the Court entered an amended scheduling order extending the fact discovery cut-off from May 8, 2020 until 90 days after the date the San Francisco County "shelter-in-place" order, or any other superseding "shelter-in-place" order impacting San Francisco County was lifted, and vacating the expert discovery-related pretrial deadlines. ECF No. 79.

N.    On February 11, 2021, while Lead Plaintiff was actively pursuing discovery, the Court set the expert discovery cut-off on April 23, 2021, advised the Parties to conduct alternative dispute resolution after the close of expert discovery, but before the commencement of motions for summary judgment, and directed the Parties to meet and confer immediately to identify a mediator. ECF No. 120. The Parties selected Judge Daniel Weinstein (Ret.) and Jed D. Melnick, Esq. of JAMS. The Parties exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages. The Parties participated in a full-day mediation session over Zoom on May 6, 2021. The session ended without an agreement to settle and the Parties continued with discovery.

O.     On May 21, 2021, Defendants filed a motion for summary judgment along with 37 exhibits filed under seal. ECF No 132.  That same day, Defendants filed a motion to strike the testimony and expert report of Jonathan E. Hochman.  ECF No. 133.  On June 25, 2021, Lead Plaintiff filed: (1) his opposition to Defendants' motion for summary judgment, which included 101 exhibits, certain of which were filed under seal (ECF Nos. 139-44); (2) his opposition to Defendants' motion to strike the testimony and expert report of Jonathan E. Hochman (ECF No. 138); and (3) a motion to strike portions of the expert report of Vinita Juneja, Ph.D. under seal (ECF Nos. 145-46).  On July 21, 2021, Defendants filed replies in support of their motion for summary judgment under seal and their motion to strike the testimony and expert report of Jonathan E. Hochman.  ECF Nos. 151-52.  That same day, Defendants filed their opposition to Lead Plaintiff's motion to strike portions of the expert report of Vinita Juneja, Ph.D. ECF No. 153.  On August 9, 2021, Lead Plaintiff filed his reply in further support of his motion to strike.  ECF No. 159.

P.     Oral argument on the motion for summary judgment was heard on September 2, 2021.  On September 9, 2021, the Court entered its Order denying Defendants' motion for summary judgment in its entirety.  ECF No. 169.

Q.     Following the entry of the Court order denying Defendants' motion for summary judgment, the Parties agreed to engage in another mediation session to revisit whether a settlement could be reached.  The Parties again exchanged detailed mediation statements and exhibits on the issues of liability and damages in advance of another full-day mediation session with Judge Weinstein and Mr. Melnick, which occurred over Zoom on November 12, 2021.  The session ended without an agreement being reached.

R.     Following the mediation, however, Judge Weinstein and Mr. Melnick presented a mediator's recommendation that the Action be settled for $22,250,000.  The Parties accepted the

mediator's proposal.   Thereafter, the Parties executed a term sheet (the "Term Sheet") on December 3, 2021 that sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $22,250,000 for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

S.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

T.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Class, and in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

U.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each Defendant has denied, and continues to deny, that they have committed any violation of federal or state laws or any other wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of a presumption, an admission or concession on the part of any Defendant, or any other of the Defendants' Releasees, with respect to any claim or allegation of any fault or liability or wrongdoing or damage

7

whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiff asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by Lead Plaintiff (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against Defendants' Releasees and all Released Defendants' Claims as against Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the consolidated securities class action in the matter styled *Azar v. Yelp, Inc. et al.*, Case No. 3:18-cv-00400-EMC.

(b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

8

(c)     "Appendix 1" sets forth the persons and entities who or which requested exclusion from the Class in response to the Certified Class Notice (ECF No. 100-1, Ex. C) and did not subsequently file a Request for Inclusion (ECF No. 116).

(d)     "Authorized Claimant" means a Class Member who submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(e)     "Claim" means a Claim Form submitted to the Claims Administrator.

(f)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Class Member must complete and submit should that Claimant or Class Member seek to share in a distribution of the Net Settlement Fund.

(g)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(h)     "Claims Administrator" means the administrator, JND Legal Administration, retained by Lead Counsel on behalf of the Class to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(i)     "Class" means all Persons who purchased or otherwise acquired Yelp common stock during the period between February 10, 2017 and May 9, 2017, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the foregoing Class are: (a) Persons who suffered no compensable losses; (b) Persons who have previously submitted valid requests for exclusion from the Class and do not opt back into the Class, and/or those who submit timely and valid requests for exclusion that are accepted by the Court in connection with the settlement notice program if the Court grants Class Members a second opportunity to request exclusion; and (c) Defendants, officers and directors of Yelp during the Class Period, members of their

9

Immediate Families, and any entity in which the Defendants have or had a controlling interest and their respective legal representatives, heirs, successors, or assigns.

(j)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(k)     "Class Member" means each person and entity who or which is a member of the Class.

(l)     "Class Period" means the period between February 10, 2017 and May 9, 2017, inclusive.

(m)     "Complaint" means the Amended Class Action Complaint for Violations of the Federal Securities Laws filed in the Action on June 25, 2018.

(n)     "Court" means the United States District Court for the Northern District of California.

(o)     "Defendants" means Yelp and the Individual Defendants.

(p)     "Defendants' Counsel" means Arnold & Porter Kaye Scholer LLP.

(q)     "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, managers, partners, parents, affiliates, subsidiaries, divisions, successors, predecessors, joint ventures, assigns, assignees, employees, attorneys, accountants, auditors, insurers, consultants, experts, and any entity in which Yelp has a controlling interest, in their capacities as such.

(r)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

10

1     (s)     "Escrow Account" means an account maintained at The Huntington

2 National Bank wherein the Settlement Amount shall be deposited and held in escrow under the

3 control of Lead Counsel.

4     (t)     "Escrow Agent" means The Huntington National Bank.

5     (u)     "Escrow Agreement" means the agreement between Lead Counsel and the

6 Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow

7 Account.

8

9     (v)     "Excluded Claims" means (i) any claims relating to the enforcement of the

10 Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion

11 that is accepted by the Court; and (iii) any claims asserted in the derivative suit styled *Ingrao v.*

12 *Stoppelman et al.*, N.D. Cal. Case No. 3:20-cv-02753.

13     (w)     "Final," with respect to the Judgment or, if applicable, the Alternate

14 Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time

15 provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*,

16 thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment

17 or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding

18 on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal,

19 the expiration of the time to file a petition for a writ of certiorari or other form of review, or the

20 denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is

21 granted, the date of final affirmance following review pursuant to that grant.  However, any appeal

22 or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect

23 to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as

24 submitted or subsequently modified), shall not in any way delay or preclude a judgment from

25 becoming Final.

26

27

28                                        11

(x)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(y)     "Individual Defendants" means Jeremy Stoppelman, Lanny Baker, and Jed Nachman.

(z)     "Judgment" means the judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(aa)    "Lead Counsel" means the law firms of Glancy Prongay & Murray LLP and Holzer & Holzer LLC.

(bb)    "Lead Plaintiff" means Jonathan Davis.

(cc)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to his representation of the Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(dd)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(ee)    "New Opt Outs" means, if the Court permits a second opportunity for all members of the Class to request exclusion from the Settlement Class, those Persons who did not previously submit a notice of exclusion from the Class in connection with the Certified Class Notice (*i.e.*, persons who are not set forth in Appendix 1 hereto) and who now submit a request for exclusion from the Settlement Class in connection with the Notice that is accepted by the Court.

(ff)    "Notice" means the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

(gg)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice to the Class (including, but not limited to, the Certified Class Notice and Certified Class Summary Notice); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(hh)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ii)    "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the Class.

(jj)    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, limited liability corporation, association, affiliate, joint stock company, government and any political subdivision thereof, legal representative, trust, trustee, unincorporated association, or any business or legal entity.

(kk)    "Plaintiff's Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(ll)    "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Class Members, and their respective current and former officers, directors, managers, partners, agents, parents, affiliates, subsidiaries, divisions,

13

successors, predecessors, joint ventures, assigns, assignees, employees, attorneys, accountants, auditors, insurers, consultants, and experts, in their capacities as such.

(mm) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(nn) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(oo) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(pp) "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(qq) "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

(rr) "Released Plaintiff's Claims" means any and all claims and causes of action, whether known claims or Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state, or foreign court, forum, or proceeding by or on behalf of any Class Member against any Defendant which directly or indirectly arise out of or relate to (i) the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions alleged in the Action, or which could have been alleged in the Action, and (ii) arise

14

out of, are based upon, or relate to the purchase, acquisition, holding, sale, or disposition of Yelp common stock during the Class Period. Notwithstanding the foregoing, Released Plaintiff's Claims shall not include: (i) any claims to enforce the terms of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) the derivative claims pending in *Ingrao v. Stoppelman et al.*, N.D. Cal. Case No. 3:20-cv-02753.

(ss) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(tt) "Releases" means the releases set forth in ¶¶ 6-7 of this Stipulation.

(uu) "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(vv) "Settlement Amount" means $22,250,000.00 in cash.

(ww) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy) "Summary Notice" means the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(zz) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax

15

attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(aaa)   "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(bbb)   "Yelp" means Yelp Inc.

### SETTLEMENT AS A CLASS ACTION

2.      The Action is being settled as a class action, contingent on Court approval. The Parties will request that, pursuant to Rule 23(e)(4), the Court not permit Class Members a second opportunity to opt out of the Class. However, Persons who were members of the Class and who

previously filed notices of exclusion in response to the Certified Class Notice and did not subsequently file a Request for Inclusion (*i.e.*, Persons identified in the attached Appendix 1), shall be afforded the right, if they so choose, to opt back into the Class and become a Class Member, within the time and in the manner set forth in the Notice, without any additional consideration being paid by Defendants.  In the event the Court allows Class Members a second opportunity to opt out of the Class, New Opt Outs shall be afforded the right, if they so choose, to opt back into the Settlement Class at any time up to and including three (3) business days before the Settlement Hearing without any additional consideration being paid by Defendants.  Any Person who previously filed a Request for Exclusion in response to the Certified Class Notice, or New Opt Outs if the Court allows Class Members a second opportunity to opt out of the Class, and timely opts back into the Class in accordance with this ¶ 2, shall be afforded all the rights and obligations of a Class Member.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## TEMPORARY INJUNCTION

4.     Subject to the order of the Court, pending final determination of whether the Settlement should be approved, Lead Plaintiff, and all other members of the Class, and any of them, shall be barred and enjoined from commencing, prosecuting, or actively participating in any

17

way in any action asserting any Released Plaintiff's Claims, either directly, representatively, derivatively or in any other capacity, against each and all of the Defendants' Releasees.

### **RELEASE OF CLAIMS**

5.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any Defendants' Releasee.  This release shall not apply to any Excluded Claim.

7.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the final judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any Plaintiff's Releasee.  This release shall not apply to

18

any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

8.      Notwithstanding ¶¶ 6-7 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

9.      In consideration of the settlement of the Released Plaintiff's Claims against Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

10.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-30 below.

11.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any

19

funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the Federal Deposit Insurance Corporation ("FDIC") may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

12. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified

Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.   Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering

21

the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow

Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all

Notice and Administration Costs paid or incurred, including any related fees, shall not be returned

or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who

or which paid any portion of the Settlement Amount.

### ATTORNEYS' FEES AND LITIGATION EXPENSES

16. Lead Counsel will apply to the Court for a collective award of attorneys' fees to

Plaintiff's Counsel to be paid from (and out of) the Settlement Fund. Lead Counsel also will

apply to the Court for reimbursement of Litigation Expenses, which may include a request for

reimbursement of Lead Plaintiff's costs and expenses directly related to his representation of the

Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award

of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between

Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

17. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be

paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed

objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any

part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to

the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund,

if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any

appeal or further proceedings on remand, or successful collateral attack, the award of attorneys'

fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the

award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no

later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination

of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or

22

Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18.    Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.    As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Yelp's obligation to provide its common stock holders records as provided in ¶ 20 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Class Member or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Class as may be identified through reasonable effort.  Lead Counsel shall

23

also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Yelp shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its shareholder lists (consisting of names and addresses) of the holders of the Yelp common stock during the Class Period.

21.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendants' Releasee, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.    Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the

terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

24.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.    No Defendants' Releasee shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

25.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if

25

applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiff's Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a

26

Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

27.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

29.     No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or Defendants' Releasees

and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT**

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**CONDITIONS OF SETTLEMENT AND EFFECT OF**
**DISAPPROVAL, CANCELLATION OR TERMINATION**

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 9 above;     28

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 36 below);

(d)    Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.    Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)    Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of December 3, 2021.

(c)    The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 15, 17, 37 and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or

29

Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d) Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

35. It is further stipulated and agreed that Lead Plaintiff and Yelp shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or

30

with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, Yelp shall have the unilateral right to terminate the Settlement in the event that New Opt Outs timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Yelp's confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Yelp concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

37.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the

31

validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## NOTICE AS REQUIRED BY CAFA

38. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required by the Class Action Fairness Act ("CAFA Notice"), 28 U.S.C. § 1715. Defendants shall be responsible for providing timely service of the

CAFA Notice and for all costs and expenses related thereto.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).  In accordance with 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held earlier than ninety (90) days after any such requisite notices are served.

**MISCELLANEOUS PROVISIONS**

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each Defendant and not by their counsel.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable,

shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiff's Claims. Accordingly, Lead Plaintiff and his counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Weinstein and Mr. Melnick, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiff and his counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution

34

of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

45.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

47.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.    This Stipulation may be executed in one or more counterparts, including by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

51.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel:     Glancy Prongay & Murray LLP
                                          Attn:  Kara M. Wolke, Esq.
                                          1925 Century Park East, Suite 2100
                                          Los Angeles, California 90067
                                          Telephone: (310) 201-9150
                                          Email: kwolke@glancylaw.com

                                          -AND-

                                          Holzer & Holzer LLC
                                          Attn:  Corey D. Holzer, Esq.
                                          211 Perimeter Center Parkway, Suite 1010
                                          Atlanta, Georgia 30346
                                          Telephone: (770) 392-0090
                                          Email: cholzer@holzerlaw.com

If to Defendants:                         Arnold & Porter Kaye Scholer LLP
                                          Attn:  Aaron F. Miner, Esq.
                                          250 West 55th Street
                                          New York, NY 10019-9710
                                          Telephone: (212) 836-8000
                                          Email: Aaron.Miner@arnoldporter.com

57.     Except as otherwise provided herein, each Party shall bear its own costs.

58.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

59.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is

37

any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 14, 2022.

DATED: April 14, 2022

**GLANCY PRONGAY & MURRAY LLP**

By: _Kara Wolke / by CDA with express permission_
Kara M. Wolke (#241521)
Kevin F. Ruf (#136901)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: kwolke@glancylaw.com
Email: kruf@glancylaw.com

DATED: April 14, 2022

**HOLZER & HOLZER, LLC**

By: _____
Corey D. Holzer
Marshall P. Dees
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Email: cholzer@holzerlaw.com

*Lead Counsel for Lead Plaintiff and the Class*

DATED: April 14, 2022

ARNOLD & PORTER KAYE SCHOLER LLP

By:

Aaron F. Miner
Tyler J. Fink
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Email: Aaron.Miner@arnoldporter.com
Email: Tyler.Fink@arnoldporter.com

*Attorneys for Defendants Yelp Inc., Jeremy
Stoppelman, Lanny Baker and Jed Nachman*

39

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| JONATHAN DAVIS, and ROEI AZAR, on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YELP, INC., JEREMY STOPPELMAN, LANNY BAKER, and JED NACHMAN,<br><br>Defendants. | Case No. 3:18-cv-00400-EMC<br><br>Honorable Edward M. Chen |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *Azar v. Yelp, Inc. et al.*, Case No. 3:18-cv-00400-EMC (the "Action");

WHEREAS, by Order dated October 22, 2019, the Court granted the Parties' Stipulation for Class Certification (ECF No. 71);

WHEREAS, on June 12, 2020, the Court issued an Order approving the notice program, which included publication of the Summary Notice of Pendency of Class Action ("Certified Class Summary Notice") in the national edition of *Investor's Business Daily* and dissemination over *PR Newswire*, and mailing of (a) Notice of Pendency of Class Action, and (b) Request for Exclusion From the Class (collectively, "Certified Class Notice") (ECF No. 88);

WHEREAS, the Certified Class Notice defined the Class as "All individuals and entities who purchased or otherwise acquired shares of Yelp Inc. ("Yelp") common stock between February 10, 2017 and May 9, 2017, both dates inclusive, and who were damaged thereby" (ECF No. 100-1, Exs. A and B);

WHEREAS, the Certified Class Notice explained Class Members' right to request exclusion from the Class, set forth the procedure for doing so, stated that it is within the Court's discretion whether to permit a second opportunity to request exclusion if there is a settlement, and provided a deadline of August 25, 2020 for the submission of requests for exclusion (ECF No. 100-1, ¶17);

WHEREAS, the Certified Class Notice further stated that Class Members who choose to remain a member of the Class "will be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable" (ECF No. 87-6);

WHEREAS, the Certified Class Notice was sent to putative Class Members beginning on June 26, 2020 (ECF No. 100-1, ¶6), and the Certified Class Summary Notice was published in the national edition of *Investor's Business Daily* and transmitted once over *PR Newswire* on July 6, 2020 (ECF No. 100-1, ¶13);

WHEREAS, certain Persons exercised their right to request exclusion from the Class in response to the Certified Class Notice;

WHEREAS, (a) Lead Plaintiff Jonathan Davis, on behalf of himself and the Class, and (b) defendant Yelp and defendants Jeremy Stoppelman, Lanny Baker, and Jed Nachman (collectively, the "Individual Defendants"; and, together with Yelp, the "Defendants"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated April 14, 2022 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2022 at __:__ _.m. in Courtroom 5, 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

3.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

a.      within ten (10) business days of the date of entry of this Order, Yelp shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its shareholder lists (consisting of names and addresses) for Yelp common stock during the Class Period;

b.      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided by Yelp or in the records which Yelp caused to be provided, or who otherwise may be identified through further reasonable effort;

c.      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause downloadable copies of the Notice and the Claim Form to be posted on the Settlement Website (www.YelpSecuritiesLitigation.com);

d.     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in Investor's Business Daily and to be transmitted once over the PR Newswire; and

e.     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 44 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to opt back into the Class if they previously submitted a request for exclusion in connection with the Certified Class Notice, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing

shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Yelp common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.10 per name and address provided to the Claims Administrator; mailing of the Notice and Claim Form up to $0.50 per unit, plus postage at the rate used by the Claim Administrator; or emailing of the Notice and Claim Form up to $0.05 per email.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.      **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted online no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead

Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

8. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and

all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.     **Opting Back Into The Class** – Any Person listed in Appendix 1 to the Stipulation may elect to opt back into the Class at any time up to and including three business days before the Settlement Hearing in accordance with the Stipulation.  By opting back into the Class, such Person shall be eligible to receive payment from the Net Settlement Fund, subject to the requirement applicable to all Persons that he, she, or it establish membership in the Class and eligibility for payment under the Plan of Allocation.  Any such Person who wishes to opt back into the Class must either, individually or through counsel, request to opt back into the Class in writing to the Claims Administrator within the time and in the manner set forth in the Notice, which provides that any such request must be mailed or delivered such that it is received no later than ten (10) business days before the Settlement Hearing, at the address set forth in the Notice.  By opting back into Class, such Person will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any Defendant and the other Defendants' Releasees, as more fully described in the Stipulation and the Notice.  Each request to opt back into the Class must:  (a) provide the name, address and telephone number of the person or entity requesting to opt back into the Class; (b) state that such person or entity "requests to opt back into the Class in Azar v. Yelp, Inc."; and (c) be signed by the Person requesting to opt back into the Class or an authorized representative.

11.     Any Person listed in Appendix 1 to the Stipulation that does not opt back into the Class in accordance with the requirements set forth in this Order and the Notice, shall be excluded from the Class.  Such Person shall not be a Class Member, shall not be bound by the terms of the

8

Settlement, the Stipulation, or any other orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

12.     **No Second Opportunity to Request Exclusion** – The Court, in the exercise of its discretion, determines and directs that there shall not be a second opportunity for Class Members who were members of the Class to exclude themselves.

13.     **Appearance and Objections at Settlement Hearing** – Any Class Member who has not requested exclusion from the Class, or who has previously requested exclusion and subsequently opted back into the Class, may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14.     Any Class Member who has not requested exclusion from the Class, or who has previously requested exclusion and subsequently opted back into the Class, may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth

9

below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Persons who are excluded from the Class pursuant to request, including those who are listed in Appendix 1 to the Stipulation and who do not opt back into the Class, may not file an objection.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Arnold & Porter Kaye Scholer LLP |
| Kara M. Wolke, Esq. | Aaron F. Miner, Esq. |
| 1925 Century Park East, Suite 2100 | 150 West 55th Street |
| Los Angeles, CA 90067 | New York, NY 10019-9710 |
| | |
| -AND- | |
| | |
| Holzer & Holzer LLC | |
| Corey D. Holzer, Esq. | |
| 211 Perimeter Center Parkway, | |
| Suite 1010 | |
| Atlanta, GA 30338 | |

15.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Yelp common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.     Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an

10

award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

18.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

19.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of December 3, 2021, as provided in the Stipulation.

22.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement

Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2022.


_____
The Honorable Edward M. Chen
United States District Judge

13

**Exhibit  A-1**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| JONATHAN DAVIS, and ROEI AZAR, on Behalf of All Others Similarly Situated, | Case No. 3:18-cv-00400-EMC |
| Plaintiffs, | Honorable Edward M. Chen |
| v. |  |
| YELP, INC., JEREMY STOPPELMAN, LANNY BAKER, and JED NACHMAN, |  |
| Defendants. |  |

## NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES
### _A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**TO:**  All persons who, during the period between February 10, 2017 and May 9, 2017, inclusive (the "Class Period"), purchased or otherwise acquired the common stock of Yelp Inc. ("Yelp" or the "Company"), and were damaged thereby (the "Class"), please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, Jonathan Davis ("Lead Plaintiff"), on behalf of himself and the Class (as defined in ¶ 30 below), have reached a proposed settlement of the Action for $22,250,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Yelp, any other Defendant in the**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 14, 2022 (the "Stipulation"), which is available at www.YelpSecuritiesLitigation.com.

**Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (see ¶ 90 below).**

1.   **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Yelp Inc., Jeremy Stoppelman, Lanny Baker, and Jed Nachman (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Yelp. A more detailed description of the Action is set forth in paragraphs 11-29 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 30 below.

2.   **Statement of the Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of himself and the Class, has agreed to settle the Action in exchange for a settlement payment of $22,250,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 55-73 below.

3.   **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiff's damages expert's estimates of the number of shares of Yelp common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $1.36.  Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares of Yelp common stock purchased/acquired, when and at what prices they purchased/acquired or sold their Yelp common stock, and the total number of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (see pages paragraphs 55-73 below) or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.   **Attorneys' Fees and Expenses Sought:**   Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2018, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Glancy Prongay & Murray LLP and Holzer & Holzer LLC, will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the

---

[2]   Defendants Jeremy Stoppelman, Lanny Baker, and Jed Nachman are collectively referred to herein as the "Individual Defendants."

Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $1,060,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Class in an amount not to exceed $15,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected share of Yelp common stock, if the Court approves Lead Counsel's fee and expense application, is $0.52 per eligible share.

6.  **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Class are represented by Kara M. Wolke, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com and Corey D. Holzer, Esq. of Holzer & Holzer LLC, 211 Perimeter Center Parkway, Suite 1010, Atlanta, GA 30338, (770) 392-0090, cholzer@holzerlaw.com.

7.  **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 38 below) that you have against the Defendants' Releasees (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |
| **OPT BACK INTO THE CLASS BY SUBMITTING A WRITTEN REQUEST TO WITHDRAW YOUR PREVIOUS REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you previously submitted a request for exclusion from the Class in connection with the Certified Class Notice mailed in 2020 and now want to be part of the Class in order to be eligible to receive a payment from the Settlement, you must follow the steps for "Opting Back Into the Class" as set forth on page \_\_ below.  If you previously submitted a request for exclusion in connection with the Certified Class Notice and wish to remain excluded from the Class, no further action is necessary. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request if you excluded yourself from the Class. |
| **GO TO A HEARING ON _____, 2022 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                       Page __
What Is This Case About?                                                         Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Class?                                   Page __
What Are Lead Plaintiff's Reasons For The Settlement?                            Page __
What Might Happen If There Were No Settlement?                                   Page __
How Are Class Members Affected By The Action And
   The Settlement?                                                 Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                    Page __
How Much Will My Payment Be?                                                     Page __
What Payment Are The Attorneys For The Class Seeking?
   How Will The Lawyers Be Paid?                                   Page __
What If I Do Not Want To Be A Member Of The Class?
   May I Now Request Exclusion From The Class?                     Page __

Can I "Opt Back" Into The Class?
  What If I Previously Requested Exclusion From The Class And
  Now Want To Be Eligible To Receive A Payment From The Settlement
  Fund?  How Do I Opt Back Into The Class? ........................................... Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
  Don't Like The Settlement? .................................................................... Page __
What If I Bought Shares On Someone Else's Behalf? ................................. Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions? .... Page __

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Yelp common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to opt back into the Class if you previously requested exclusion in response to the Certified Class Notice sent in 2020.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 81 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    On January 18, 2018, Roei Azar filed a class action complaint in the Court, styled *Azar v. Yelp, Inc. et al.*, Case No. 3:18-cv-00400-EMC.  The complaint alleged violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Jeremy Stoppelman and Lanny Baker.

12.    On March 19, 2018, Lead Plaintiff filed a motion pursuant to the PSLRA to be appointed lead plaintiff in the Action.  That same day, one additional movant filed a motion pursuant to the PSLRA to be appointed lead plaintiff in the Action, which was subsequently withdrawn on April 2, 2018.  On April 27, 2018, the Court appointed Jonathan Davis as Lead Plaintiff for the Action;

and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP and Holzer & Holzer LLC as Lead Counsel.

13.   On June 25, 2018, Lead Plaintiff and plaintiff Roei Azar[3] filed and served the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.   Among other things, the Complaint alleged that Defendants made materially false and misleading statements about Yelp's revenue retention in its local advertising business. The Complaint further alleged that the prices of Yelp publicly-traded common stock were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14.   On August 2, 2018, Defendants moved to dismiss the Complaint and requested judicial notice of 14 exhibits.   On August 23, 2018, Lead Plaintiff served his papers in opposition to Defendants' motion to dismiss and request for judicial notice.   On September 6, 2018, Defendants served their reply papers.

15.   Oral argument on the motion was heard on September 20, 2018, and on November 27, 2018, the Court entered its Order granting in part, and denying in part, Defendants' motion to dismiss (the "MTD Order").

16.   On December 17, 2018, Defendants filed a motion for reconsideration of a portion of the Court's MTD Order, which the Court denied on January 22, 2019.   On January 21, 2019, Defendants filed and served an answer to the Complaint.

17.   From February 2019 through April 2021, the Parties engaged in extensive fact and expert discovery.   On February 1, 2019, Lead Plaintiff served his first set of Requests for Production of Documents upon Defendants.   In total during the discovery period, Lead Plaintiff propounded one set of Requests for Production of Documents, two sets of written Interrogatories, and one set of written Requests for Admissions upon Defendants; Defendants propounded one set of written Interrogatories and one set of written Requests for Production upon Lead Plaintiff.   Over the course of the discovery period, Lead Plaintiff produced over 4,000 pages of documents to Defendants and Lead Plaintiff's counsel reviewed and analyzed more than 400,000 pages of documents produced by Defendants.   In July 2019, Lead Plaintiff took two Rule 30(b)(6) depositions of Defendant Yelp in San Francisco.   Thereafter, Lead Plaintiff took the depositions of fifteen (15) Yelp current and former employees, including the Individual Defendants—a total of eleven (11) were conducted in person (ten (10) in San Francisco and one (1) in Chicago) and four (4) were conducted remotely.   In addition, Defendants took the deposition of Lead Plaintiff. Lead Plaintiff retained two experts to testify on the topics of Yelp's advertising and sales practices and outcomes, economic materiality, loss causation and damages.   Defendants took the depositions of both of Lead Plaintiff's experts.   Defendants retained one expert to render competing opinions on economic materiality, loss causation and damages, who Lead Plaintiff deposed.

18.   On August 14, 2019, Lead Plaintiff filed and served his motion for class certification, together with the expert report of Dr. Zachary Nye, Ph.D. regarding market efficiency.   On

---

[3]   On August 14, 2019, the Parties filed a stipulation dismissing plaintiff Roei Azar's individual claims against Defendants without prejudice, which the Court granted on August 19, 2021.

October 21, 2019, after conferring with Lead Plaintiff regarding class certification with respect to Lead Plaintiff's claims, the Parties filed a stipulation for class certification.  On October 22, 2019, the Court entered an order certifying the Class and appointing Jonathan Davis as Class Representative, and Glancy Prongay & Murray and Holzer & Holzer LLC as Class Counsel.

19.    On June 12, 2020, the Court issued an order approving the notice program, which included publication of the Summary Notice of Pendency of Class Action in the national edition of *Investor's Business Daily* and over *PR Newswire*, and mailing of (a) Notice of Pendency of Class Action, and (b) Request for Exclusion From the Class form (collectively, "Certified Class Notice").  The Certified Class Notice was sent to putative Class Members beginning on June 26, 2020.  Pursuant to the Court's June 12, 2020 Order, the Certified Class Notice provided putative members of the Class with the opportunity to request exclusion from the Class.  The Certified Class Notice explained Class Members' right to request exclusion from the Certified Class, set forth the procedure for doing so, stated that it is within the Court's discretion whether to permit a second opportunity to request exclusion if there is a settlement, and provided a deadline of August 25, 2020 for the submission of requests for exclusion.  The Certified Class Notice further stated that Certified Class Members who choose to remain a member of the class "will be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable."  Certain persons and entities exercised their right to request exclusion from the Class in connection with the Certified Class Notice, and three subsequently requested to be included in the Class.

20.    On December 4, 2019, pursuant to the Parties' joint request, the Court entered an amended scheduling order extending the fact discovery cut-off by four months to May 8, 2020, along with a corresponding extension of other case dates.

21.    On May 1, 2020, pursuant to the Parties' joint request, the Court entered an amended scheduling order extending the fact discovery cut-off from May 8, 2020 until 90 days after the date that the San Francisco County "shelter-in-place" order, or any other superseding "shelter-in-place" order impacting San Francisco County was lifted, and vacating the expert discovery-related pretrial deadlines.

22.    On February 11, 2021, while Lead Plaintiff was actively pursuing discovery, the Court set the expert discovery cut-off on April 23, 2021, advised the Parties to conduct alternative dispute resolution after the close of expert discovery but before the commencement of motions for summary judgment, and directed the Parties to meet and confer immediately to identify a mediator.  The Parties selected Judge Daniel Weinstein (Ret.) and Jed D. Melnick, Esq. of JAMS.  The Parties exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages.  The Parties participated in a full-day mediation session over Zoom on May 6, 2021.  The session ended without an agreement to settle and the Parties proceeded with discovery.

23.    On May 21, 2021, Defendants filed a motion for summary judgment with 37 exhibits filed under seal, along with a motion to strike the testimony and expert report of Jonathan E. Hochman.  On June 25, 2021, Lead Plaintiff filed: (1) his opposition to Defendants' motion for summary judgment, which included 101 exhibits certain of which were filed under seal; (2) his opposition to Defendants' motion to strike the testimony and expert report of Jonathan E. Hochman; and (3) a motion to strike portions of the expert report of Vinita Juneja, Ph.D. under seal.  On July 21, 2021, Defendants filed replies in support of their motion for summary

judgment under seal and their motion to strike the testimony and expert report of Jonathan E. Hochman.  That same day, Defendants filed their opposition to Lead Plaintiff's motion to strike portions of the expert report of Vinita Juneja, Ph.D.  On August 9, 2021, Lead Plaintiff filed his reply in further support of his motion to strike.

24.  Oral argument on the motion for summary judgment was heard on September 2, 2021 and on September 9, 2021, the Court entered its Order denying Defendants' motion for summary judgment in its entirety.

25.  Following the entry of the Court order denying Defendants' motion for summary judgment, the Parties agreed to engage in another mediation session to revisit whether a settlement could be reached.  The Parties again exchanged detailed mediation statements and exhibits on the issues of liability and damages in advance of another full-day mediation session with Judge Weinstein and Mr. Melnick, which occurred over Zoom on November 12, 2021.  The session ended without any agreement being reached.

26.  Following the mediation, however, Judge Weinstein and Mr. Melnick presented a mediator's recommendation that the Action be settled for $22,250,000.  The Parties accepted the mediator's proposal.  Thereafter, the Parties executed a term sheet (the "Term Sheet") on December 3, 2021 that sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $22,250,000 for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

27.  Based on the investigation and mediation of the case and Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

28.  Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each Defendant has denied, and continues to deny, that they have committed any violation of federal or state laws or any other wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of a presumption, an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 39 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

29.  On _____, 2022, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS? |
|---|

30.  If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded.  The Court-certified Class consists of:

> all Persons who purchased or otherwise acquired Yelp common stock during the period between February 10, 2017 and May 9, 2017, inclusive, and were damaged thereby.

Excluded from foregoing class are: (a) Persons who suffered no compensable losses; (b) Persons who have previously submitted valid requests for exclusion from the Class who do not opt back into the Class; and (c) Defendants, officers and directors of Yelp during the Class Period, members of their immediate families, and any entity in which the Defendants have or had a controlling interest and their respective legal representatives, heirs, successors, or assigns.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN SUBMITTED ONLINE OR POSTMARKED NO LATER THAN _____, 2022.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

31.  Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability.  Lead Plaintiff and Lead Counsel recognized that Defendants had several factual and legal defenses that could preclude any recovery.  For example, Defendants would assert that Lead Plaintiff could not prove that Yelp's public statements or omissions during the Class Period were materially false and misleading, and that even if Lead Plaintiff could prove the existence of such misleading statements or omissions, that they were not made with the state of mind required for Lead Plaintiff to prevail on his securities fraud claims.  Thus, Lead Plaintiff faced the very real risk that a jury would find that the statements and omissions he alleged to be materially false and misleading were not, and that Defendants did not act with the intent to defraud or recklessness.  Lead Plaintiff would also have to prevail at trial, and if he was successful, on the appeal that would likely follow, in order to recover money for the Class.  In sum, there were very significant risks to the continued prosecution of the Action, and no guarantee that there would be any recovery, let alone a recovery in an amount greater than $22,250,000.

32.  In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $22,250,000 in cash (less the

various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery after trial and appeals, possibly years in the future.

33.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

34.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, at trial or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

35.    As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of their appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

36.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you have not excluded yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

37.    If you are a Class Member and you have not excluded yourself from the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in ¶ 38 below) against Defendants' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

38.    "Released Plaintiff's Claims" means any and all claims and causes of action, whether known claims or Unknown Claims, that have been, could have been, or in the future can or might

10

be asserted in any federal, state, or foreign court, forum, or proceeding by or on behalf of any Class member against any Defendant which directly or indirectly arise out of or relate to (i) the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions alleged in the Action, or which could have been alleged in the Action, and (ii) arise out of, are based upon, or relate to the purchase, acquisition, holding, sale, or disposition of Yelp common stock during the Class Period. Notwithstanding the foregoing, Released Plaintiff's Claims shall not include: (i) any claims to enforce the terms of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) the derivative claims pending in *Ingrao v. Stoppelman et al.*, N.D. Cal. Case No. 3:20-cv-02753.

39.    "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, managers, partners, parents, affiliates, subsidiaries, divisions, successors, predecessors, joint ventures, assigns, assignees, employees, attorneys, accountants, auditors, insurers, consultants, experts, and any entity in which Yelp has a controlling interest, in their capacities as such.

40.    "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

41.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 42 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 43 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

42.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under

11

federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submitted a request for exclusion from the Class in response to the Certified Class Notice.

43.     "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and any other Class Member, and their respective current and former officers, directors, managers, partners, agents, parents, affiliates, subsidiaries, divisions, successors, predecessors, joint ventures, assigns, assignees, employees, attorneys, accountants, auditors, insurers, consultants, and experts, in their capacities as such.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
| --- |

44.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **submitted online or postmarked no later than _____, 2022**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.YelpSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1 (888) 964-0696.  Please retain all records of your ownership of and transactions in Yelp common stock, as they may be needed to document your Claim.  If you have requested exclusion from the Class and do not opt back into the Class and submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
| --- |

45.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

46.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid twenty-two million, two hundred and fifty thousand dollars ($22,250,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

47.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, has expired.

48.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

49.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

50.    Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form online or postmarked on or before _____, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶ 38 above) against Defendants' Releasees (as defined in ¶ 39 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

51.    Participants in, and beneficiaries of, a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Yelp common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Yelp common stock during the Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

52.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

53.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

54.    Only Class Members, *i.e.*, Persons who purchased or otherwise acquired Yelp common stock during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request and do not opt back into the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only securities that are included in the Settlement are Yelp common stock.

## **PROPOSED PLAN OF ALLOCATION**

55.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The

computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

56.    The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based primarily on the price declines observed over the period which Plaintiffs allege corrective information was entering the market place.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts between February 10, 2017 through and including May 9, 2017, which had the effect of artificially inflating the price of Yelp common stock.  The estimated alleged artificial inflation in the price of Yelp common stock during the Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Yelp common stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

57.    In   order   to   have   recoverable   damages,   disclosures   correcting   the   alleged misrepresentations must be the cause of the decline in the price of the Yelp common stock.  In this matter, information disclosed after market close on May 9, 2017 allegedly corrected the misrepresentations alleged by Lead Plaintiff, thereby removing the alleged artificial inflation from the price of Yelp common stock on May 10, 2017.  Accordingly, in order to have a Recognized Loss Amount, Yelp common stock must have been purchased or acquired during the Class Period and still held through market close on May 9, 2017.

58.    To the extent a Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1 | | |
| Alleged Artificial Inflation in Yelp Common Stock | | |
| From | To | Per-Share Price Inflation |
| --- | --- | --- |
| February 10, 2017 | May 9, 2017 | $6.56 |
| May 10, 2017 | Thereafter | $0.00 |

59.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Yelp common stock.  The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Yelp common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss Amount on Yelp common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

60.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that

14

Recognized Loss Amount shall be set to zero.  Any transactions in Yelp common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

61.    Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Yelp common stock during the Class Period that is listed in the Claim Form and for which adequate documentation is provided.

I.    For each share purchased during the Class Period that was sold prior to May 10, 2017, the Recognized Loss Amount is $0.00.

II.    For each share purchased during the Class Period that was subsequently sold during the period May 10, 2017 through August 7, 2017, inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss Amount is *the lesser of*:

    a.    $6.56; or

    b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

III.    For each share purchased during the Class Period and still held as of the close of trading on August 7, 2017, the Recognized Loss Amount is *the lesser of*:

    a.    6.56; or

    b.    the purchase price minus the average closing price for Yelp stock during the 90-Day Lookback Period, which is $30.54.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 5/10/2017 | $28.33 | 6/9/2017 | $28.64 | 7/11/2017 | $29.37 |
| 5/11/2017 | $28.82 | 6/12/2017 | $28.73 | 7/12/2017 | $29.43 |
| 5/12/2017 | $28.78 | 6/13/2017 | $28.81 | 7/13/2017 | $29.47 |
| 5/15/2017 | $28.84 | 6/14/2017 | $28.88 | 7/14/2017 | $29.52 |
| 5/16/2017 | $28.77 | 6/15/2017 | $28.95 | 7/17/2017 | $29.57 |
| 5/17/2017 | $28.54 | 6/16/2017 | $28.99 | 7/18/2017 | $29.64 |
| 5/18/2017 | $28.46 | 6/19/2017 | $29.04 | 7/19/2017 | $29.71 |
| 5/19/2017 | $28.38 | 6/20/2017 | $29.05 | 7/20/2017 | $29.76 |
| 5/22/2017 | $28.37 | 6/21/2017 | $29.06 | 7/21/2017 | $29.81 |
| 5/23/2017 | $28.31 | 6/22/2017 | $29.09 | 7/24/2017 | $29.85 |
| 5/24/2017 | $28.27 | 6/23/2017 | $29.15 | 7/25/2017 | $29.89 |
| 5/25/2017 | $28.25 | 6/26/2017 | $29.17 | 7/26/2017 | $29.93 |
| 5/26/2017 | $28.20 | 6/27/2017 | $29.18 | 7/27/2017 | $29.98 |
| 5/30/2017 | $28.17 | 6/28/2017 | $29.21 | 7/28/2017 | $30.04 |

| 5/31/2017 | $28.15 | 6/29/2017 | $29.23 | 7/31/2017 | $30.08 |
| 6/1/2017 | $28.20 | 6/30/2017 | $29.25 | 8/1/2017 | $30.14 |
| 6/2/2017 | $28.23 | 7/3/2017 | $29.27 | 8/2/2017 | $30.17 |
| 6/5/2017 | $28.33 | 7/5/2017 | $29.30 | 8/3/2017 | $30.19 |
| 6/6/2017 | $28.40 | 7/6/2017 | $29.30 | 8/4/2017 | $30.35 |
| 6/7/2017 | $28.49 | 7/7/2017 | $29.30 | 8/7/2017 | $30.54 |
| 6/8/2017 | $28.58 | 7/10/2017 | $29.32 | | |

## ADDITIONAL PROVISIONS

62.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 65 below) is $10.00 or greater.

63.     **FIFO Matching:** If a Class Member has more than one purchase/acquisition or sale of Yelp common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

64.     **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all shares of the Yelp common stock.

65.     **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

66.     **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Yelp common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Yelp common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Yelp common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Yelp common stock unless (i) the donor or decedent purchased or otherwise acquired such Yelp common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Yelp common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

67.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Yelp common stock.  The date of a "short sale" is deemed to be the date of sale of Yelp common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Yelp common

stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

68.     **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement.  With respect to Yelp common stock purchased or sold through the exercise of an option, the purchase/sale date of the Yelp common stock is the exercise date of the option and the purchase/sale price of the Yelp common stock is the exercise price of the option.

69.     **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Yelp common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Yelp common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

70.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Yelp common stock during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and the Holding Value.[6]  If the Claimant's Total Purchase Amount _minus_ the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

71.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Yelp common stock purchased or acquired during the Class Period.

[5] The Claims Administrator shall match any sales of Yelp common stock during the Class Period, first against the Claimant's opening position in Yelp common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Yelp common stock sold during the Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" to shares of Yelp common stock purchased or acquired during the Class Period and still held as of the close of trading on May 9, 2017, which shall be $28.33.  The total calculated holding values for all Yelp common stock shall be the Claimant's "Total Holding Value."

fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

72.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

73.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, wwwYelpSecuritiesLitigation.com.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

74.    Plaintiff's Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund.   At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $1,060,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Class in an amount not to exceed $15,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?  MAY I NOW REQUEST EXCLUSION FROM THE CLASS? |
|---|

75.    As set forth in the Certified Class Notice, the Court-ordered deadline to request exclusion from the Class expired on August 25, 2020.  The Certified Class Notice also advised that it was within the Court's discretion as to whether a second opportunity to opt out would be permitted if there were a settlement in the Action. The Court has exercised its discretion and ruled that members of the Class, who were previously afforded an opportunity to request exclusion, do not

have a second opportunity to request exclusion.  Thus, if you had any purchases of Yelp common stock during the period between February 10, 2017 and May 9, 2017, inclusive, you may not request exclusion from the Class at this time.

> **CAN I "OPT BACK" INTO THE CLASS?  WHAT IF I PREVIOUSLY REQUESTED EXCLUSION FROM THE CLASS AND NOW WANT TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT FUND?  HOW DO I OPT BACK INTO THE CLASS?**

76.    If you previously submitted a request for exclusion from the Class in connection with the Certified Class Notice your name should appear on Appendix 1 to the Stipulation, which is available online at www.YelpSecuritiesLitigation.com.   Persons whose names appear on Appendix 1 are excluded from the Class.  (If you believe that you previously submitted a request for exclusion but your name does not appear on Appendix 1, you can contact the Claims Administrator, JND Legal Administration, at (888) 964-0696 for assistance.)

77.    Persons and entities whose names appear on Appendix 1 to the Stipulation, may elect to opt back into the Class and be eligible to receive a payment from the Settlement.

78.    In order to opt back into the Class, you, individually or through counsel, must submit a written Request to Opt Back Into the Class addressed as follows: Yelp, Inc. Securities Litigation, "Opt-In Request", c/o JND Legal Administration, P.O. Box 91030, Seattle, WA 98111.  This request must be *received* **no later than _____, 2022**.  Your Request to Opt Back Into the Class must (a) state the name, address and telephone number of the person or entity requesting to opt back into the Class; (b) state that such person or entity "requests to opt back into the Class in *Azar v. Yelp, Inc.*"; and (c) be signed by the person or entity requesting to opt back into the Class or an authorized representative.

79.    If you opt back into the Class this means that you will be bound by all orders and judgments in this Action and will release all Released Plaintiff's Claims against Defendants and the other Defendants' Releasees.  This means that you will no longer be able to bring or continue to prosecute any individual action relating to any of the Released Plaintiff's Claims.

**PLEASE NOTE:  OPTING BACK INTO THE CLASS IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH ABOVE DOES NOT MEAN THAT YOU WILL AUTOMATICALLY BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU OPT BACK INTO THE CLASS AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE ALSO REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN SUBMITTED ONLINE OR POSTMARKED NO LATER THAN _____ __, 2022.  TO RECEIVE A PAYMENT YOUR CLAIM MUST BE ELIGIBLE FOR PAYMENT UNDER THE PLAN OF ALLOCATION**.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

80.   **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

81.   The Settlement Hearing will be held on _____, 2022 at __:__ _.m., before the Honorable Edward M. Chen at the United States District Court for the Northern District of California, United States Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

82.   Any Class Member that has not requested exclusion from the Class may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of California at the address set forth below on or before _____, 2022.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2022**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Northern District of California<br>Clerk of the Court<br>United States Courthouse<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | **Glancy Prongay & Murray LLP**<br>Kara M. Wolke, Esq.<br>1925 Century Park East,<br>   Suite 2100<br>Los Angeles, CA 90067<br><br>-AND-<br><br>**Holzer & Holzer LLC**<br>Corey D. Holzer, Esq.<br>211 Perimeter Center Parkway,<br>   Suite 1010<br>Atlanta, GA 30338 | **Arnold & Porter Kaye Scholer LLP**<br>Aaron F. Miner, Esq.<br>150 West 55th Street<br>New York, NY 10019-9710 |

83.   Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any

legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Yelp common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period (*i.e.*, between February 10, 2017 and May 9, 2017, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a Class Member.

84.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

85.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before _____, 2022**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

86.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 82 above so that the notice is ***received* on or _____, 2022**.

87.    The Settlement Hearing may be adjourned by the Court, or held telephonically or via videoconference, without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date, time, and location on the settlement website, wwwYelpSecuritiesLitigation.com, or with Lead Counsel, given potential changes as a result of the COVID-19 pandemic.

88.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

89.    If you purchased or otherwise acquired Yelp common stock between February 10, 2017 and May 9, 2017, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of

21

those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Yelp, Inc. Securities Litigation, c/o JND Legal Administration, P.O. Box 91030, Seattle, WA 98111.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.10 per name and address provided to the Claims Administrator; mailing of the Notice and Claim Form up to $0.50 per unit, plus postage at the rate used by the Claim Administrator; or emailing of the Notice and Claim Form up to $0.05 per email.  Any dispute concerning the reasonableness of reimbursement of costs shall be resolved by the Court.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.YelpSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at (888) 964-0696.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

90.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk of Court for the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  You may also review the docket and papers filed in the Action for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.YelpSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

Yelp, Inc. Securities Litigation          and/or          Kara M. Wolke, Esq.
c/o JND Legal Administration                              Glancy Prongay & Murray LLP
P.O. Box 91030                                           1925 Century Park East, Suite 2100
Seattle, WA 98111                                        Los Angeles, CA 90067
(888) 964-0696                                           (888) 773-9224
www.YelpSecuritiesLitigation.com                         settlements@glancylaw.com

-AND-

Corey D. Holzer, Esq.
Holzer & Holzer LLC
211 Perimeter Center Parkway, Suite 1010
Atlanta, GA 30038
(770) 392-0090
cholzer@holzerlaw.com

22

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE
CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL
REGARDING THIS NOTICE.**

Dated: _____, 2022

By Order of the Court
United States District Court
Northern District of California

**Exhibit A-2**

**Yelp, Inc. Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91030**
**Seattle, WA  98111**
**Toll Free Number: (888) 964-0696**
**Settlement Website: www.YelpSecuritiesLitigation.com**
**Email:  Info@YelpSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it online at www.YelpSecuritiesLitigation.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than _____.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | _ |
| PART II – GENERAL INSTRUCTIONS | _ |
| PART III – SCHEDULE OF TRANSACTIONS IN YELP COMMON STOCK | _ |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | _ |

1

## PART I – CLAIMANT INFORMATION

### (Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                             State                    Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                          Telephone Number (work)

E-mail address (E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (account(s) through which the securities were traded)[1]

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust
- ☐ Corporation                                  ☐ Estate
- ☐ IRA/401K                                     ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

2

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all Persons who between February 10, 2017 and May 9, 2017 inclusive (the "Class Period"), purchased or otherwise acquired Yelp Inc. ("Yelp") common stock ("Yelp common stock") and were damaged thereby (the "Class"). All persons and entities that are members of the Class are referred to as "Class Members."

3.      Excluded from the Class are: (a) Persons who suffered no compensable losses; (b) Persons who have previously submitted valid requests for exclusion from the Class and do not opt back into the Class, and/or those who submit timely and valid requests for exclusion that are accepted by the Court in connection with the settlement notice program if the Court grants Class Members a second opportunity to request exclusion; and (c) Defendants, officers and directors of Yelp during the Class Period, members of their Immediate Families, and any entity in which the Defendants have or had a controlling interest and their respective legal representatives, heirs, successors, or assigns.

4.      If you are not a Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Class that is excepted by the Court. Thus, if you are a Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released Plaintiff's Claims (including Unknown Claims) against Defendants' Releasees.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the

Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.    Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Yelp common stock.  On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Yelp common stock, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.    Please note:  Only Yelp common stock purchased/acquired during the Settlement Class Period (*i.e.*, between February 10, 2017 and May 9, 2017, inclusive) are eligible under the Settlement.  However, because the Plan of Allocation incorporates the "90-day look-back" provision of the PSLRA (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of Yelp common stock during the period from May 10, 2017, through and including August 7, 2017 (*i.e.*, the "90-Day Lookback Period") in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.    You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Yelp common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Yelp common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.    All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Yelp common stock during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Yelp common stock during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but

4

the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Yelp common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Yelp common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.     PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, JND Legal Administration by email at Info@YelpSecuritiesLitigation.com, or by toll-free phone at (888) 964-0696 or you may download the documents from the Settlement website, www.YelpSecuritiesLitigation.com.

19.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at wwwYelpSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at YLPSecurities@JNDLA.com. Any file not in accordance with the required electronic filing format will be subject to rejection.

No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at YLPSecurities@JNDLA.com to inquire about your file and confirm it was received and acceptable.

20.  NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.YelpSecuritiesLitigation.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at Info@YelpSecuritiesLitigation.com or (888) 964-0696 If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (888) 964-0696.**

## PART III – SCHEDULE OF TRANSACTIONS IN YELP COMMON STOCK

Complete this Part III if and only if you purchased/acquired Yelp common stock during the period between February 10, 2017 and May 9, 2017, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above.  Do not include information in this section regarding securities other than Yelp common stock purchased.

**1. BEGINNING HOLDINGS –** State the total number of shares of Yelp common stock held as of the close of trading on February 9, 2017.  (Must be documented.)  If none, write "zero" or "0." _____

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD THROUGH AUGUST 7, 2017 –** Separately list each and every purchase/acquisition (including free receipts) of Yelp common stock from after the opening of trading on February 10, 2017, through and including the close of trading on August 7, 2017. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.   SALES DURING THE CLASS PERIOD THROUGH AUGUST 7, 2017 –** Separately list each and every sale/disposition (including free deliveries) of Yelp common stock from after the opening of trading on February 10, 2017, through and including the close of trading on August 7, 2017.  (Must be documented.) — **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**4.   ENDING HOLDINGS –** State the total number of shares of Yelp common stock held as of the close of trading on August 7, 2017.  (Must be documented.)  If none, write "zero" or "0." _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

## *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN*

## *ON PAGE [ ] OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) successors and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every Released Plaintiff's Claim (as defined in the Stipulation and in the Settlement Notice) against Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum asserting any or all of the Released Plaintiff's Claims against any Defendants' Releasee.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 3 of this Claim Form;

3.      that I (we) own(ed) the Yelp common stock identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Yelp common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                    Date

_____
Print your name here

_____
Signature of joint Claimant, if any                                      Date

_____
Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of Claimant                        Date

_____
Print your name here

_____
CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 5 OF THIS CLAIM FORM.)

**REMINDER CHECKLIST:**

1.  Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your own records.

6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (888) 964-0696.**

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at Info@YelpSecuritiesLitigation.com, or toll-free at (888) 964-0696 or visit www.YelpSecuritiesLitigation.com.  Please DO NOT call Yelp or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____**, 202_**, ADDRESSED AS FOLLOWS:

**Yelp, Inc. Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91030**
**Seattle, WA 98111**

OR SUBMITTED ONLINE AT WWW.YELPSECURITIESLITIGATION.COM **ON OR BEFORE** _____**, 202_.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 202_ is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

Exhibit A-3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| JONATHAN DAVIS, and ROEI AZAR, on Behalf of All Others Similarly Situated, | Case No. 3:18-cv-00400-EMC |
| Plaintiffs, | Honorable Edward M. Chen |
| v. | |
| YELP, INC., JEREMY STOPPELMAN, LANNY BAKER, and JED NACHMAN, | |
| Defendants. | |

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** **All Persons who, during the period between February 10, 2017 and May 9, 2017, inclusive, purchased or otherwise acquired the common stock of Yelp Inc., and were damaged thereby (the "Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the Lead Plaintiff in the above-captioned litigation (the "Action") has reached a proposed settlement of the Action for $22,250,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2022 at __:__ _.m., before the Honorable Edward M. Chen at the United States District Court for the Northern District of California, United States Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 14, 2022 (and in the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice")) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead

Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Azar v. Yelp, Inc.*, c/o JND Legal Administration, P.O. Box 91030, Seattle, WA 98111, 1-888-964-0696. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.YelpSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online or postmarked* no later than _____, 2022. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

In June 2020, the Court ordered Lead Counsel to facilitate the mailing of (i) the Notice of Pendency of Class Action, and (ii) Request for Exclusion From the Class form (collectively, "Certified Class Notice") to potential Class Members. The Certified Class Notice provided members of the Class with an opportunity to request exclusion from the Class. If you previously submitted a request for exclusion and you wish to remain excluded, no further action is required and you will be excluded from the Class. Persons who previously submitted a request for exclusion may, however, opt back into the Class for the purpose of being eligible to receive a payment from the Settlement. In order to opt back into the Class, you must submit a request to do so in writing such that it **is *received* no later than _____ __, 2022**, in accordance with the instructions set forth in the Notice. Any Person who previously submitted a request for exclusion and timely opts back into the Class shall be afforded all the rights and obligations of a Class Member. If you previously submitted a request for exclusion from the Class and do not opt back into the Class in accordance with the instructions set forth in the Notice, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the Settlement. Members of the Class do not have a second opportunity to request exclusion from the Class.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2022, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Yelp, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Azar v. Yelp, Inc.*
c/o JND Legal Administration
P.O. Box 91030

1-888-964-0696
www.YelpSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

-AND-

HOLZER & HOLZER LLC
Corey D. Holzer, Esq.
211 Perimeter Center Parkway
Suite 1010
Atlanta, GA 30038
(770) 392-0090
cholzer@holzerlaw.com

By Order of the Court

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JONATHAN DAVIS, and ROEI AZAR, on Behalf of All Others Similarly Situated, | Case No. 3:18-cv-00400-EMC |
| Plaintiffs, | Honorable Edward M. Chen |
| v. | |
| YELP, INC., JEREMY STOPPELMAN, LANNY BAKER, and JED NACHMAN, | |
| Defendants. | |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Azar v. Yelp, Inc. et al.*, Case No. 3:18-cv-00400-EMC (the "Action");

WHEREAS, (a) Lead Plaintiff Jonathan Davis, on behalf of himself and the Class, and (b) defendant Yelp Inc. ("Yelp") and defendants Jeremy Stoppelman, Lanny Baker, and Jed Nachman (collectively, the "Individual Defendants"; and, together with Yelp, the "Defendants"; and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated April 14, 2022 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated October 22, 2019, the Court granted the Parties' Stipulation for Class Certification (ECF No. 71);

WHEREAS, on June 12, 2020, the Court issued an Order approving the notice program, which included publication of the Summary Notice of Pendency of Class Action ("Certified Class Summary Notice") in the national edition of *Investor's Business Daily* and dissemination over *PR Newswire*, and mailing of (a) Notice of Pendency of Class Action, and (b) Request for Exclusion From the Class (collectively, "Certified Class Notice") (ECF No. 88);

WHEREAS, the Certified Class Noticed defined the Class as "All individuals and entities who purchased or otherwise acquired shares of Yelp common stock between February 10, 2017 and May 9, 2017, both dates inclusive, and who were damaged thereby" (ECF No. 100-1, Exs. A and B);

WHEREAS, the Certified Class Notice explained Class Members' right to request exclusion from the Certified Class, set forth the procedure for doing so, stated that it is within the Court's discretion whether to permit a second opportunity to request exclusion if there is a settlement, and provided a deadline of August 25, 2020 for the submission of requests for exclusion (ECF No. 100-1, ¶17);

WHEREAS, the Certified Class Notice further stated that Certified Class Members who choose to remain a member of the class "will be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable" (ECF No. 87-6);

WHEREAS, the Certified Class Notice was sent to putative Class Members beginning on June 26, 2020 (ECF No. 100-1, ¶6), and the Certified Class Summary Notice" was published in the national edition of *Investor's Business Daily* and transmitted once over *PR Newswire* on July 6, 2020 (ECF No. 100-1, ¶13);

WHEREAS, certain Persons exercised their right to request exclusion from the Class in response to the Certified Class Notice;

WHEREAS, by Order dated _____ __, 2022 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to opt back into the Class if they previously submitted a request for exclusion from the Class in connection with the Certified Class Notice; (d) provided Class Members with the opportunity to object to the proposed Settlement, Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, Lead Counsel have filed with the Court proof, by affidavit or declaration, of mailing of the Notice and publication and transmission of the Summary Notice;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2022; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2022.

3.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to opt back into the Class if they previously submitted a request for exclusion from the Class in connection with the Certified Class Notice; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and

finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The Persons listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

7.      **Releases** – The Releases set forth in paragraphs 6 and 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

a.      Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised,

settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(v) of the Stipulation).

b.      Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.   This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

8.      Notwithstanding paragraphs 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9.      **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10.      **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the

execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.      shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.      shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c.      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the

Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

11.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

12.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14.     **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of December 3, 2021, as provided in the Stipulation.

15.     **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Edward M. Chen
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

**<u>List of Persons and Entities Excluded from the Class Pursuant to Request</u>**

**APPENDIX 1 -- LIST OF PERSONS AND ENTITIES EXCLUDED FROM THE CLASS PURSUANT TO REQUEST**

| Exclusion | Full Name | City | State/Province | Country |
|---|---|---|---|---|
| 1 | Katherine Ceccarini | San Anselmo | CA | USA |
| 2 | Roseann Oliveri | Deer Park | NY | USA |
| 3 | Daniel Tipton | Temecula | CA | USA |
| 4 | Barry or Helene Singer | New York | NY | USA |
| 5 | Lacy Taylor | Indian Harbor Beach | FL | USA |
| 6 | Harry P Yorgensen | Mount Dora | FL | USA |
| 7 | Grady S Brown | Hamilton | OH | USA |
| 8 | Sherry L Brown | Hamilton | OH | USA |
| 9 | Madeline Metz | Peekskill | NY | USA |
| 10 | Warren Waite | Meridian | ID | USA |
| 11 | Gossett Family Limited Partnership (c/o Ann P Gossett) | Aurora | CO | USA |
| 12 | William Palmer | Nipomo | CA | USA |
| 13 | Owen N Matz Jr | Frankfort | IN | USA |
| 14 | Dale F Rohde | Madison | WI | USA |
| 15 | Kurt Van Winkle | Indianapolis | IN | USA |
| 16 | Philana Le | San Jose | CA | USA |
| 17 | Kelli Wright | Vancouver | WA | USA |
| 18 | William R. Reed Jr & Evelyn E Reed | Somerville | TN | USA |
| 19 | Jeremy Levine | New York | NY | USA |
| 20 | Ngo Family Trust UAD 1/16/15, Huong Ngo Trustee | Newport Coast | CA | USA |
| 21 | Dorothy DeRouchey | Frisco | TX | USA |
| 22 | Todd MacDonald & Genice MacDonald | Port St Lucie | FL | USA |
| 23 | Glen Roberts | Woodland Park | CO | USA |
| 24 | Soraya Nukunkit | Millbrae | CA | USA |
| 25 | Thomas A Harrington | Akron | OH | USA |
| 26 | Rick Heyland | Draper | UT | USA |
| 27 | Gregory Allen | Houston | TX | USA |
| 28 | Pat Brewster | Wickenburg | AZ | USA |
| 29 | Shirley M Adler | Seattle | WA | USA |
| 30 | Eugene Leroy Anderson (Deceased) (c/o A Marilyn Anderson) | Torrington | WY | USA |
| 31 | Lonnie Todd Jordan | Odessa | TX | USA |
| 32 | Howard M Richman | Lake Worth | FL | USA |
| 33 | Monica Silvestre | Jacksonville | FL | USA |
| 34 | Allen G Wassenaar | Denver | CO | USA |
| 35 | Robert Tyler (Deceased) (c/o Danielle Tyler) | Allentown | PA | USA |
| 36 | Lucille Kosic | Lowell | IN | USA |
| 37 | Dale Seidner | Phoenix | AZ | USA |
| 38 | Macdonell Tyre | Flat Rock | NC | USA |

| Exclusion | Full Name | City | State/Province | Country |
|---|---|---|---|---|
| 39 | Albert Can | Glendora | CA | USA |
| 40 | Zahra Can | Glendora | CA | USA |
| 41 | Nicholas Can | Glendora | CA | USA |
| 42 | Vivek Patel | | | |
| 43 | Sarah Morgan | Tulsa | OK | USA |
| 44 | Peter Curzon | San Francisco | CA | USA |
| 45 | Nancy B Packard | Morganton | GA | USA |
| 46 | Raymond Keith Walton | Naperville | IL | USA |
| 47 | Michael W Lee | Orlando | FL | USA |
| 48 | Abigail Schwarz | Denver | CO | USA |
| 49 | Emma Morgan | Dublin | | Ireland |
| 50 | David Avent | Bath, Somerset | | United Kingdom |
| 51 | State Farm | Bloomington | IL | USA |
| 52 | Edward Kennedy | Codford | | United Kingdom |
| 53 | Hong Tea | Skokie | IL | USA |
| 54 | Daniela Cristea | San Francisco | CA | USA |
| 55 | Aaron Gamper | Hamburg | | Germany |
| 56 | Jae Won Park | McKinney | TX | USA |
| 57 | Mathew Carroll | Purley, London | | United Kingdom |
| 58 | Scott Kleinfeld | Cliffside Park | NJ | USA |
| 59 | Mary Patricia Ward | Poughkeepsie | NY | USA |
| 60 | David W Jakaub | Elba | NY | USA |
| 61 | Bobby L Scroggs Jr | Mesa | AZ | USA |
| 62 | John Mosebrook | Hampstead | MD | USA |
| 63 | Ramona Fischer | Hamburg | | Germany |
| 64 | Mollie Potter | Denver | CO | USA |
| 65 | John Tulloch (Deceased) (c/o Pauline Tulloch) | Colorado Springs | CO | USA |
| 66 | Pauline Tulloch | Colorado Springs | CO | USA |
| 67 | Steven Mai | Fremont | CA | USA |
| 68 | Lauren Ball | Fremont | CA | USA |
| 69 | Sophie Mathews | Cambridge | | United Kingdom |
| 70 | Robert B Hunt | Tucson | AZ | USA |
| 71 | Erin Rusonis | San Francisco | CA | USA |
| 72 | Charlie Allom | London | | United Kingdom |
| 73 | Giulio Chiappini | London | | United Kingdom |
| 74 | Wendy Linda Lim | Berkeley | CA | USA |
| 75 | Rowena Harris | San Francisco | CA | USA |
| 76 | Katja Stolle | Helmstedt, Niedersachsen | | Germany |

| Exclusion | Full Name | City | State/Province | Country |
|---|---|---|---|---|
| 77 | Rohit Gulati | Deerfield | IL | USA |
| 78 | Jacek Mitega | Hamburg | | Germany |
| 79 | Sally Eastman | N Fort Myers | FL | USA |
| 80 | Alexandra Page Dalglish | San Francisco | CA | USA |
| 81 | Tanase Narcis-Ciprian | Hamburg | | Germany |
| 82 | Ann Doolan | Sutton, Dublin | | Ireland |
| 83 | Bobby C Moody | Colorado City | TX | USA |
| 84 | Kimberli Reed | Oakland | CA | USA |
| 85 | Katri Ilona Pallasvuo | San Mateo | CA | USA |
| 86 | Laurie A Calka | Baltimore | MD | USA |
| 87 | Lauren Spencer (Elmets) | Sacramento | CA | USA |
| 88 | Mikhail Smarshchok | Bellevue | WA | USA |
| 89 | Jenna Lotardo | Dix Hills | NY | USA |
| 90 | Yasmine Wolpers | Pinneberg | | Germany |
| 91 | Nathalie McCann | Poway | CA | USA |
| 92 | Guenther Starnberger | San Francisco | CA | USA |
| 93 | Raghavendra Prabhu | Wembley, London | | United Kingdom |
| 94 | Massimiliano Pesce | Hamburg | | Germany |
| 95 | Grzegorz Smajdor | Hamburg | | Germany |
| 96 | Gary Frisina | Bay Shore | NY | USA |
| 97 | David M Carter | Durham, Darlington | | United Kingdom |
| 98 | Nick Pomo | Reading | PA | USA |
| 99 | Ashley Shinn | Tempe | AZ | USA |
| 100 | Hop Sloman | Cave Creek | AZ | USA |
| 101 | Michael Wendell | Gilbert | AZ | USA |
| 102 | Birgit Kramer | Hamburg | | Germany |
| 103 | Mandy Kalish | Phoenix | AZ | USA |
| 104 | Zachary Parmley | St. Simons | GA | USA |
| 105 | Marcos Renato Parodi Lopez | Milwaukee | WI | USA |
| 106 | Brianna-Chelsea Perez | Concord | CA | USA |
| 107 | Robert R.S. Hill | Newmarket | | New Zealand |