UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>YELP, INC., et al.,<br><br>       Defendants. | Case No.  18-cv-00400-EMC<br><br>**AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>Docket No. 188 |

WHEREAS, a consolidated class action is pending in this Court entitled *Azar v. Yelp, Inc. et al.*, Case No. 3:18-cv-00400-EMC (the "Action");

WHEREAS, by Order dated October 22, 2019, the Court granted the Parties' Stipulation for Class Certification (ECF No. 71);

WHEREAS, on June 12, 2020, the Court issued an Order approving the notice program, which included publication of the Summary Notice of Pendency of Class Action ("Certified Class Summary Notice") in the national edition of *Investor's Business Daily* and dissemination over *PR Newswire*, and mailing of (a) Notice of Pendency of Class Action, and (b) Request for Exclusion From the Class (collectively, "Certified Class Notice") (ECF No. 88);

WHEREAS, the Certified Class Notice defined the Class as "All individuals and entities who purchased or otherwise acquired shares of Yelp Inc. ("Yelp") common stock between February 10, 2017 and May 9, 2017, both dates inclusive, and who were damaged thereby" (ECF No. 100-1, Exs. A and B);

WHEREAS, the Certified Class Notice explained Class Members' right to request exclusion from the Class, set forth the procedure for doing so, stated that it is within the Court's

1    discretion whether to permit a second opportunity to request exclusion if there is a settlement, and

2    provided a deadline of August 25, 2020 for the submission of requests for exclusion (ECF No.

3    100-1, ¶17);

4         WHEREAS, the Certified Class Notice further stated that Class Members who choose to

5    remain a member of the Class "will be bound by all past, present and future orders and judgments

6    in the Action, whether favorable or unfavorable" (ECF No. 87-6);

7         WHEREAS, the Certified Class Notice was sent to putative Class Members beginning on

8    June 26, 2020 (ECF No. 100-1, ¶6), and the Certified Class Summary Notice was published in the

9    national edition of *Investor's Business Daily* and transmitted once over *PR Newswire* on July 6,

10   2020 (ECF No. 100-1, ¶13);

11        WHEREAS, certain Persons exercised their right to request exclusion from the Class in

12   response to the Certified Class Notice;

13        WHEREAS, (a) Lead Plaintiff Jonathan Davis, on behalf of himself and the Class, and (b)

14   defendant Yelp and defendants Jeremy Stoppelman, Lanny Baker, and Jed Nachman (collectively,

15   the "Individual Defendants"; and, together with Yelp, the "Defendants"; and together with Lead

16   Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this

17   Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of

18   Settlement dated April 14, 2022 (the "Stipulation") subject to approval of this Court (the

19   "Settlement");

20        WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23(e) of the Federal

21   Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with

22   the Stipulation and allowing notice to Class Members as more fully described herein;

23        WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary

24   approval of the Settlement, and the papers filed and arguments made in connection therewith; and

25   (b) the Stipulation and the exhibits attached thereto; and

26        WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall

27   have the same meanings as they have in the Stipulation;

28        NOW THEREFORE, IT IS HEREBY ORDERED:

United States District Court
Northern District of California

2

1. **Preliminary Approval of the Settlement** – For the reasons stated on the record at the July 15, 2022 hearing and those that follow, the Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

<u>Adequacy of Representation</u>

In appointing Lead Plaintiff and Lead Counsel and certifying this class and appointing Lead Plaintiff as class representative, the Court previously determined that the Lead Plaintiff and their counsel would adequately represent the interests of the class.  *See* Docket Nos. 23,71. In so holding, the Court recognized that Lead Plaintiff's claims are typical of and coextensive with the claims of the Class, and he has no antagonistic interests; rather, Lead Plaintiff's interest in obtaining the largest possible recovery in this Action is aligned with the other Class Members.

Additionally, here, the certified claims appear to be coextensive with the claims to be released by the Settlement Class; the Settlement Release does not appear to be overbroad.  ).  In the Ninth Circuit, "[a] settlement agreement may preclude a party from bringing a related claim in the future 'even though the claim was not presented and might not have been presentable in the class action,' but only where the released claim is 'based on the identical factual predicate as that underlying the claims in the settled class action.'"  *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008)).  The Ninth Circuit has "held that federal district courts properly released claims not alleged in the underlying complaint where those claims depended on the same set of facts as the claims that gave rise to the settlement."  *Id.* (collecting authority).

Here, the Settlement Release is tethered to the "allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions alleged in the Action, or which could have been alleged in the Action" and limits the scope of the release to those relevant facts which "arise out of, are based on or relate to the purchase, acquisition, sale, holding or disposition of Yelp common stock during the Class Period."  Stipulation ¶ 1(rr).  In limiting the scope of the of released claims as such, the agreement focuses on the factual predicates relevant to the securities claims certified in this action in the three-month certified class period.

1    Settlement Amount

2         "To evaluate the adequacy of the settlement amount, 'courts primarily consider Lead

3    Plaintiffs' expected recovery against the value of the settlement offer.'"  *Hefler v. Wells Fargo &*

4    *Co.*, 2018 WL 6619983, at *9 (N.D. Cal. Dec. 18, 2018).  "[A]t this preliminary approval stage,

5    the court need only determine whether the proposed settlement is within the range of possible

6    approval."  *West*, 2006 WL 1652598, at *11.

7         Lead Plaintiff's damages expert estimates that if the Class had fully prevailed on its

8    Exchange Act claims after a jury trial, if the Court and jury accepted Lead Plaintiff's damages

9    theory, and the jury verdict survived the inevitable appeals, the **total maximum aggregate**

10   **damages** would be approximately $180 million.  Holzer Decl. ¶ 22.

11        The Court requested supplemental briefing on how this maximum verdict value was

12   calculated.  Docket No. 193.  Lead Plaintiff responded that its "expert conducted an event study to

13   determine what amount of the decline was attributable to the fraud rather than to general market

14   conditions."  Docket No. 194 (under seal) at 2.  "Based on this event study, Lead Plaintiff's expert

15   estimated recoverable per share damages to be approximately $6.56 per share, which reflects the

16   artificial inflation being removed from the share price in a one-day event window.  Defendants'

17   expert opined that the maximum damage per share was $5.26 per share calculated over a two-day

18   event window, which included an off-setting stock price increase on May 11, 2017."  *Id.*  Using

19   this per share damage estimation, Lead Plaintiff

20                then estimated the number of damaged shares by applying a
              standard plaintiff-style damages model to available trading data.
21            Lead Plaintiff used an 80/20 two-trader model to approximate the
              trading activity for Yelp's stock during the Class Period (which
22            assumes that 20 percent of the trading volume is attributable to 80
              percent of shares, and the remaining 80 percent of the trading
23            volume is attributable to the remaining 20 percent of shares), and
              then applied a standard volume reduction, to estimate that
24            approximately 30 million shares were damaged by the alleged fraud.
              The estimated number of damaged shares varies based on the model
25            inputs. Notably, the number of damaged shares is not something
              Lead Plaintiff would need to prove at trial.  Lead Plaintiff then
26            applied the experts' estimated per share damage calculations to the
              estimated number of damaged shares to arrive at aggregate Class-
27            wide estimated maximum damages of approximately $180 million.

28   *Id.*  For its part, Defendants filed a supplemental response contending that the maximum verdict

United States District Court
Northern District of California

1    value its expert calculated was considerably less – in the range of $50-55 million.  *See* Docket No.

2    195 (citing Docket No. 20-cv-2753, Docket No. 60-3).  The $50-55 million maximum verdict

3    value estimate is consistent with the estimate of the Derivative Plaintiff in the derivative

4    shareholder action, in which the Court previously preliminary approved a settlement agreement.

5    *See* Docket No. 20-cv-2753, Docket No. 61.

6          The proposed settlement in requires Defendants to pay out $22.25 million, or a recovery of

7    12.4% of the total maximum damages under Plaintiff's estimate, and up to 44.5% of the maximum

8    damages under Defendants' estimate.  Holzer Decl. ¶ 22.  The 12.4% recovery rate is above the

9    median recovery is securities class action settlements.  *See Stefan Boettrich and Svetlana Starykh,*

10   Recent Trends in Securities Class Action Litigation: 2021 Full-Year Review (NERA Jan. 25,

11   2022) at 24, Fig. 22 (median recovery in securities class actions in 2021 was approximately 1.8%

12   of estimated damages); *see also Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game*

13   *Tech., Inc.*, No. 09-cv-00419-MMD-WGC, 2012 WL 5199742, at *2-3 (D. Nev. Oct. 19, 2012)

14   (approving $12.5 million settlement recovering about 3.5% of the maximum damages that Lead

15   Plaintiffs believe could be recovered at trial and noting that the amount is within the median

16   recovery in securities class actions settled in the last few years).  Thus, the $22.25 million

17   proposed securities settlement amount when compared to the $50-180 million maximum verdict

18   value range appears, on its face, to be reasonable in view of the litigation risks.

19        Litigation Risks

20        In assessing whether the proposed Settlement is fair, reasonable, and adequate, the Court

21   "must balance against the continuing risk of litigation, including the strengths and weaknesses of

22   Lead Plaintiff's case, against the benefits afforded to class members, including the immediacy and

23   certainty of a recovery."  *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 831 (N.D. Cal. 2017).

24   Here, the parties litigated this case through summary judgment; Plaintiff overcame Defendants'

25   summary judgment motion in its entirety.  Shortly thereafter and approximately two months

26   period to the commencement of trial, the parties reached an agreement in principle to settle this

27   action.  In light of this background, the parties point to several risks and costs associated with

28   further litigation.

United States District Court
Northern District of California

5

First, although Lead Plaintiff overcame Defendants' summary judgment motion, the Court had not yet ruled on Defendants' motions to strike and exclude expert testimony.  Docket No. 133. Among other evidence, Defendants had moved to strike Lead Plaintiff's industry expert's entire report, thus uncertainty remained relating to what evidence Lead Plaintiff could present at trial. *Id.*

Second, if the case proceeded to trial, Lead Plaintiff faced significant risk as to proving their claims on the merits.  Defendants raised and maintained arguments concerning loss causation and damages that—if accepted—would have substantially reduced, or completely eliminated, recoverable damages.  For example, Defendants maintained throughout the litigation that (i) Lead Plaintiff's revenue guidance claim was dismissed, and (ii) because the sole corrective disclosure on May 9, 2017, revealed Yelp was decreasing its 2017 guidance, investors were reacting to the guidance reduction and not the alleged fraud.  Thus, according to Defendants, Lead Plaintiff and the Class suffered no damages.  *See FLAG Telecom*, 574 F.3d at 36 ("to establish loss causation, *Dura* requires plaintiffs to disaggregate those losses caused by 'changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events,' from disclosures of the truth behind the alleged misstatements").

Third, even if Lead Plaintiff could obtain a jury verdict as to liability at trial – which carries with it the inherent risk that a jury would not find that Defendants acted with the requisite level of intent - i.e., actual knowledge that their statements were false or that the statements were made with deliberate recklessness—there remained an open question as to what a jury would conclude as to damages.  *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1172 (S.D. Cal. 2007) (recognizing "the issues of scienter and causation are complex and difficult to establish at trial" and therefore concluding "settlement is a prudent course").  As indicated by the parties' disparate estimates of the maximum verdict value in this case – ranging from $50 million to $180 million – the trial likely would have involved "a battle of experts,'" with "no guarantee whom the jury would believe." *In re Cendant Corp. Litig.*, 264 F.3d 201, 239 (3d Cir. 2001); *In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 267 (S.D.N.Y. 2012) ("When the success of a party's case turns on winning a so-called 'battle of experts,' victory is by no

1    means assured.").

2           Fourth, the parties observe that additional costs and delay would be inherent in further

3    litigating this case, including motions in preparation of trial, trying the case, post-trial motions,

4    pre-judgment claims administration, and post-judgment appellate proceedings.  By contrast, the

5    settlement provides an immediate recovery and eliminates the risk, delay and expense of continued

6    litigation.

7                  Notice Procedures

8           Rule 23(e) provides that a class action shall not be dismissed or compromised without the

9    approval of the court and notice of the proposed dismissal or compromise shall be given to all

10   members of the class in such manner as the court directs.  Rule 23(c)(2)(B) requires the Court to

11   "direct to class members the best notice that is practicable under the circumstances."

12          The Court previously approved Lead Plaintiff's selection of JND to conduct initial class

13   certification notice after a competitive bidding process.  *See* Docket No. 88.  Plaintiff's proposal

14   that JND remain the administrator for the settlement seems reasonable, based on JND's

15   background and experience as a reliable settlement administrator in similar cases.  *See* Segura

16   Decl.; Holzer Decl. ¶ 44.

17          To effectuate notice to the majority of the Settlement Class, JND will mail a copy of the

18   Notice Packet to JND's database of approximately 4,000 Nominees.  Segura Decl. ¶ 6.  These

19   Nominees will be instructed to either forward the Notice Packet to potential Class Members or

20   provide the names, addresses and, if available, email addresses of potential Class Members to JND

21   so that JND may forward the Notice Packet directly.  *Id.*  JND mailed more than 45,000 class

22   notices in its role as the notice administrator.  *See* Docket No. 100-3 ¶¶ 12-14.

23   Contemporaneously with the mailing of the Notice and Claim Form, Lead Counsel will cause the

24   Claims Administrator to post downloadable copies of the Notice and Claim Form on the

25   Settlement Website.  Holzer Decl. ¶ 49.  No more than ten (10) business days after the Notice

26   Packet is mailed, the Summary Notice will be published once in *Investor's Business Daily* and

27   transmitted once over *PR Newswire*.  *Id.* ¶ 50.

28          In terms of estimating the portion of valid claims that will be filed, JND explains that

United States District Court
Northern District of California

7

1     institutional investors held 67.05 million shares of Yelp common stock, or 89% of the common

2     stock as of May 7, 2017, just before the end of the class period.  Docket No. 199 at 5.  JND

3     estimates that the majority of large valid claims will be filed by these institutional investors, as is

4     common in its administration experience.  *Id.* at 4-5.  Most of these large institutional investors

5     use third-party nominees, which JND will be targeting through its notice campaign by using its

6     database of nominees.  JND, therefore, estimates that the bulk of the settlement fund will be

7     received by these institutional investors.  *Id.* at 5.

8           Courts have held that these methods of notice satisfy the requirements of Rule 23, the

9     PSLRA, and due process.  *See, e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974)

10    (requiring notice be sent to all class members "whose names and addresses may be ascertained

11    through reasonable effort"); *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 896 (9th Cir. 2017);

12    *Vataj v. Johnson*, No. 2021 WL 5161927, at *5 (N.D. Cal. Nov. 5, 2021) (finding notice by mail

13    and published in a newswire with national distribution "provided the best notice practicable to the

14    class members").

15          Thus, the Court concludes the settlement agreement here warrants preliminary approval.

16    2.  **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on

17    January 19, 2023 at 1:30 p.m. in Courtroom 5, 17th Floor of the United States Courthouse, 450

18    Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine

19    whether the proposed Settlement on the terms and conditions provided for in the Stipulation is

20    fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine

21    whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be

22    entered dismissing the Action with prejudice against Defendants; (c) to determine whether the

23    proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be

24    approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees

25    and reimbursement of Litigation Expenses should be approved; and (e) to consider any other

26    matters that may properly be brought before the Court in connection with the Settlement.  Notice

27    of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in

28    paragraph 4 of this Order.

United States District Court
Northern District of California

3.  The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.  **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

> a. within ten (10) business days of the date of entry of this Order, Yelp shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its shareholder lists (consisting of names and addresses) for Yelp common stock during the Class Period;

> b. not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided by Yelp or in the records which Yelp caused to be provided, or who otherwise may be identified through further reasonable effort;

> c. contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause downloadable copies of the Notice and the Claim Form to be posted on the Settlement Website (www.YelpSecuritiesLitigation.com);

> d. not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in Investor's Business Daily and to be transmitted once over the PR Newswire; and

> e. not later than seven (14) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or

declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, with one modification:  The Notice and Summary Notice shall be amended to include the following language as a header at the top of the first page: **YOU MAY BE ENTITLED TO A CASH AWARD;** and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to opt back into the Class if they previously submitted a request for exclusion in connection with the Certified Class Notice, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Yelp common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator

shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this

Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in

complying with this Order by providing the Claims Administrator with proper documentation

supporting the expenses for which reimbursement is sought, up to a maximum of $0.10 per name

and address provided to the Claims Administrator; mailing of the Notice and Claim Form up to

$0.50 per unit, plus postage at the rate used by the Claim Administrator; or emailing of the Notice

and Claim Form up to $0.05 per email.  Such properly documented expenses incurred by

nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with

any disputes as to the reasonableness or documentation of expenses incurred subject to review by

the Court.

7.  **Participation in the Settlement** – Class Members who wish to participate in the Settlement

and to be eligible to receive a distribution from the Net Settlement Fund must complete and

submit a Claim Form in accordance with the instructions contained therein.  Unless the Court

orders otherwise, all Claim Forms must be postmarked or submitted online no later than one

hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead

Counsel may, at its discretion, accept for processing late Claims provided such acceptance does

not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a

person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to

his, her or its Claim and the subject matter of the Settlement.

8.  Each Claim Form submitted must satisfy the following conditions: (a) it must be properly

completed, signed and submitted in a timely manner in accordance with the provisions of the

preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the

transactions and holdings reported therein, in the form of broker confirmation slips, broker

account statements, an authorized statement from the broker containing the transactional and

holding information found in a broker confirmation slip or account statement, or such other

documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the

person executing the Claim Form is acting in a representative capacity, a certification of his, her or

its current authority to act on behalf of the Class Member must be included in the Claim Form to

United States District Court
Northern District of California

the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9.   Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.   **Opting Back Into The Class** – Any Person listed in Appendix 1 to the Stipulation may elect to opt back into the Class at any time up to and including ten calendar days before the Settlement Hearing in accordance with the Stipulation.  By opting back into the Class, such Person shall be eligible to receive payment from the Net Settlement Fund, subject to the requirement applicable to all Persons that he, she, or it establish membership in the Class and eligibility for payment under the Plan of Allocation.  Any such Person who wishes to opt back into the Class must either, individually or through counsel, request to opt back into the Class in writing to the Claims Administrator within the time and in the manner set forth in the Notice, which provides that any such request must be mailed or delivered such that it is received no later than ten (10) calendar days before the Settlement Hearing, at the address set forth in the Notice.  By opting back into Class, such Person will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any Defendant and the other Defendants' Releasees, as more fully described in the Stipulation and the Notice. Each request to opt back into the Class must: (a) provide the name, address and telephone number of the person or entity requesting to opt back into

United States District Court
Northern District of California

1    the Class; (b) state that such person or entity "requests to opt back into the Class in Azar v. Yelp,

2    Inc."; and (c) be signed by the Person requesting to opt back into the Class or an authorized

3    representative.

4    11.   Any Person listed in Appendix 1 to the Stipulation that does not opt back into the Class in

5    accordance with the requirements set forth in this Order and the Notice, shall be excluded from the

6    Class.  Such Person shall not be a Class Member, shall not be bound by the terms of the

7    Settlement, the Stipulation, or any other orders or judgments in the Action, and shall not receive

8    any payment out of the Net Settlement Fund.

9    12.   **No Second Opportunity to Request Exclusion** – The Court, in the exercise of its discretion,

10   determines and directs that there shall not be a second opportunity for Class Members who were

11   members of the Class to exclude themselves.

12   13.   **Appearance and Objections at Settlement Hearing** – Any Class Member who has not

13   requested exclusion from the Class, or who has previously requested exclusion and subsequently

14   opted back into the Class, may enter an appearance in the Action, at his, her or its own expense,

15   individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and

16   delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses

17   set forth in paragraph 14 below, such that it is received no later than twenty-one (21) calendar days

18   prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who

19   does not enter an appearance will be represented by Lead Counsel.

20   14.   Any Class Member who has not requested exclusion from the Class, or who has previously

21   requested exclusion and subsequently opted back into the Class, may file a written objection to the

22   proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award

23   of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she

24   or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead

25   Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be

26   approved; provided, however, that no Class Member shall be heard or entitled to contest the

27   approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation

28   and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person

or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Persons who are excluded from the Class pursuant to request, including those who are listed in Appendix 1 to the Stipulation and who do not opt back into the Class, may not file an objection.

**Lead Counsel**
Glancy Prongay & Murray LLP
Kara M. Wolke, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
-AND-
Holzer & Holzer LLC
Corey D. Holzer, Esq.
211 Perimeter Center Parkway,
Suite 1010
Atlanta, GA 30338

**Defendants' Counsel**
Arnold & Porter Kaye Scholer LLP
Aaron F. Miner, Esq.
150 West 55th Street
New York, NY 10019-9710

15.  Any objections, filings and other submissions by the objecting Class Member:  (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Yelp common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  The Court retains the discretion to hear argument and take evidence offered by any objector.

16. Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

18. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

19. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur,

United States District Court
Northern District of California

1   this Order shall be vacated, rendered null and void and be of no further force and effect, except as

2   otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of

3   Lead Plaintiff, the other Class Members and Defendants, and the Parties shall revert to their

4   respective positions in the Action as of December 3, 2021, as provided in the Stipulation.

5   22.  **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not

6   consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any

7   other plan of allocation that may be approved by the Court), the negotiations leading to the

8   execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in

9   connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any

10  arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants'

11  Releasees as evidence of, or construed as, or deemed to be evidence of any presumption,

12  concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact

13  alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the

14  deficiency any defense that has been or could have been asserted in this Action or in any other

15  litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the

16  Defendants' Releasees or in any way referred to for any other reason as against any of the

17  Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than

18  such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be

19  offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be

20  evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any

21  of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses,

22  or that damages recoverable under the Complaint would not have exceeded the Settlement

23  Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any

24  way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil,

25  criminal or administrative action or proceeding, other than such proceedings as may be necessary

26  to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the

27  Releasees as an admission, concession, or presumption that the consideration to be given under the

28  Settlement represents the amount which could be or would have been recovered after trial;

16

provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23.  **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

24.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

25.  The Court orders the following implementation schedule for further proceedings:

| Event | Deadline |
|---|---|
| Claims Administrator shall cause a copy of the Notice and the Claim Form to be mailed by first-class mail to potential Class Members ("Notice Date") | Not later than 20 days from entry from this order. |
| Deadline for filing of papers in support of final approval of the Settlement, Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (Preliminary Approval Order ¶23) | Not later than December 15, 2022 |
| Deadline for receipt of objections | Not later than December 29, 2022 |
| Deadline for receipt of requests to opt back into the Class (Preliminary Approval Order ¶10) | Not later than January 9, 2023 |
| Deadline for filing reply papers (Preliminary Approval Order ¶23) | Not later than January 5, 2023 |
| Deadline for Lead Plaintiff to serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of mailing and publication (¶4(e)) | Not later than January 5, 2023 |
| Deadline for submitting Claim Forms (Preliminary Approval Order ¶ 7) | 120 calendar days after the Notice Date |
| Settlement Fairness Hearing | **January 19, 2023 at 1:30 p.m.** |

///

///

17

This order disposes of Docket No. 188.

**IT IS SO ORDERED**.

Dated: August 1, 2022

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California