UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>YELP, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-00400-EMC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, AND GRANTING ATTORNEY'S FEES AND LITIGATION EXPENSES**<br><br>Docket Nos. 202, 203 |

Jonathan Davis et al. ("Plaintiff," "Class Representative") and Yelp, Inc. et al. ("Defendants") have reached terms of settlement of a class action securities suit. The parties submitted their Settlement, which this Court preliminarily approved in an amended order on August 1, 2022. Docket Nos. 200, 201.

Pending now before the Court are Plaintiff's Unopposed Motion for Final Approval of Settlement, Docket No. 202, and Plaintiff's Motion for Attorney's Fees and Reimbursement of Litigation Expenses, Docket No. 203. Having received and considered the Settlement, the favorable reaction of the class members, and the papers, evidence, and argument submitted by the parties, for the reasons stated in granting preliminary approval of the proposed settlement, the Court **GRANTS** Plaintiff's motions. The Court hereby enters Judgment approving the terms of the Settlement Agreement, and it is hereby **ORDERED** that:

1. This Order approving the proposed Plan of Allocation incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 14, 2022 and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement. Docket No. 189-1.

2. Notice packets were mailed to 28,885 potential class members; 4,079 banks, brokerage firms, nominees, and known third-party filers; and 11,635 requested brokers and nominees. Docket No. 204-2 Exh. 2 (Declaration of Luiggy Segura) at 2–4. Notice included the terms of the Settlement, the proposed Plan of Allocation, and the opportunity to object to it or to exclude themselves from its provisions. Docket No. 202 at 15. Notice was timely, adequate, and compliant with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715; Federal Rule of Civil Procedure 23; and the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)). The Class Members responded favorably to the settlement: none requested exclusion and none objected. Docket No. 201 at 16.

3. The Court has already determined in giving preliminary approval of the settlement that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and that the Class Members will be bound by the Settlement and reaffirming that finding. In determining whether a settlement is fair, adequate, and reasonable under Rule 23(e)(2), courts should consider the nature of the claims advanced, the types of relief sought, and the unique facts and circumstances presented by each individual case. *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). The Court previously held that the total maximum damages is properly calculated to be $6.56 per Yelp share, that the 12.4% settlement recovery rate is above the median recovery in securities class action litigation, and that the settlement amount is reasonable in light of the difficulty of proving loss causation in litigation. Docket No. 201.

4. The Court determines that the individual settlement payments to be paid to the Class Members, as provided for by the Settlement, are fair and reasonable. The Court gives final approval to and orders the payment of those amounts be made to the Class Members out of the Settlement Fund in accordance with the Settlement.

5. Plaintiff Jonathan Davis is appointed as Class Representative for purposes of settlement. The Court awards the Class Representative an award of $15,000.00 as fair and reasonable compensation for his services. The time and effort he expended on behalf of the class in this litigation included reviewing filings, conferring with counsel about litigation strategies,

1    producing documents in response to requests for production, responding to interrogatories,

2    participating in his deposition, and authorizing his attorneys to settle the case. The Enhancement

3    Award will be paid out of the Settlement Fund in accordance with the Settlement.

4           6.      The Court grants an award of attorneys' fees in the amount of $7.42 million,

5    representing 33.3% of the Maximum Settlement Amount. These fees, which exceed the Ninth

6    Circuit's benchmark, are justified by the positive result obtained, the contingent fee risk, the hours

7    dedicated, the financial commitment, and the important public policy advanced by securities

8    litigation. Docket No. 203 at 17. "[C]ourts have an independent obligation to ensure that the

9    [attorneys' fee] award, like the settlement itself, is reasonable, even if the parties have already

10   agreed to an amount." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir.

11   2011). Courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award."

12   *Id.* at 942. Here, a larger award of 33% is warranted because counsel risked significant amounts

13   of their own funds and dedicated time and effort to litigate through the class certification process,

14   the motion for summary judgment, expert retention, trial preparation, and the nearly $1 million

15   counsel put at risk in advancing costs. Moreover, 33% of the fund is actually less than plaintiffs'

16   counsel's lodestar of $9,165,583.00. Docket No. 203 at 21-22. Not only is an upwards fee

17   multiplier commonplace in complex class actions, but a multiplier of less than one suggests that

18   the negotiated fee award is reasonable. *See Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d

19   848, 854 (N.D. Cal. 2010); *see also In re Banc of California Sec. Litig.*, No. SA CV-17-118 DMG,

20   2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding 33% of $19.75 million settlement

21   fund); *Kendall v. Odonate Therapeutics, Inc.*, No. 3:20-CV-01828-H-LL, 2022 WL 1997530, at

22   *6 (S.D. Cal. June 6, 2022) (awarding 33 1/3% of $12.75 million settlement fund); *In re Tezos

23   Sec. Litig.*, No. 3:17-cv-06779-RS, at 2 (N.D. Cal. Aug. 28, 2020), Docket No. 262 (awarding

24   33.33% of $25 million settlement fund); *Jiangchen v. Rentech, Inc.*, 2019 WL 6001562, at *1

25   (C.D. Cal. Nov. 8, 2019) (awarding 33 1/3% of $2.05 million settlement fund). The Court also

26   grants $930,782.70 in out-of-pocket class counsel litigation expenses. Docket No. 204-1 (Joint

27   Declaration of Kara M. Wolke and Corey D. Holzer) ¶¶ 106–12. The Court notes approval

28   exceeding the 25% benchmark are based on the extraordinary circumstances in this case. The

3

attorneys' fees and costs will be paid from the Settlement Fund as set forth in the Settlement.

7. Pursuant to the Settlement, Plaintiff and all Class Members who did not timely opt out of the settlement are permanently barred from prosecuting against Yelp and each of its former and current parent companies, subsidiaries, and affiliated corporations and entities, and each of their respective former and current employees, officers, directors, agents, attorneys, shareholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

8. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**; with this Court retaining jurisdiction solely for purposes of (i) enforcing this Settlement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

9. The Court hereby enters final judgment in accordance with the terms of the Settlement, as set forth in the Amended Order Preliminarily Approving Settlement filed on August 1, 2022. Docket No. 201. Parties are reminded that within 21 days after the settlement checks before stale, the parties should file a Post-Distribution Accounting with the Court, providing the total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and the lodestar multiplier according to this Court's procedural guidance.

///
///
///
///
///

1    This order disposes of Docket Nos. 202 and 203.  The Clerk shall enter judgment and close
2 the case.
3    This Court further sets a status conference for July 11, 2023, at 2:30 p.m.

**IT IS SO ORDERED**.

Dated: January 27, 2023

_____
EDWARD M. CHEN
United States District Judge